# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION<br><br>Defendant. | CIVIL ACTION NO. 6:20-cv-461<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Brazos" or "Plaintiff"), by and through its attorneys, files this Complaint for Patent Infringement against Microsoft Corporation ("Microsoft" or "Defendant") and alleges:

## NATURE OF THE ACTION

1. This is a civil action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, et seq., including §§ 271, 281, 284, and 285.

## THE PARTIES

2. Brazos is a limited liability corporation organized and existing under the laws of Delaware, with its principal place of business at 605 Austin Avenue, Suite 6, Waco, Texas 76701.

3. On information and belief, Defendant Microsoft Corporation is incorporated under the laws of Washington State with its principal place of business at 1 Microsoft Way, Redmond, Washington 98052. Microsoft may be served with process through its registered agent Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

9

4. On information and belief, Microsoft has been registered to do business in the state of Texas under Texas SOS file number 0010404606 since about March 1987.

5. On information and belief, Microsoft has had regular and established places of business in this judicial district since at least 2002.

## JURISDICTION AND VENUE

6. This is an action for patent infringement which arises under the Patent Laws of the United States, in particular, 35 U.S.C. §§ 271, 281, 284, and 285.

7. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has specific and general personal jurisdiction over Microsoft pursuant to due process and/or the Texas Long Arm Statute, because Microsoft has committed acts giving rise to this action within Texas and within this judicial district. The Court's exercise of jurisdiction over Microsoft would not offend traditional notions of fair play and substantial justice because Microsoft has established minimum contacts with the forum. For example, on information and belief, Microsoft has committed acts of infringement in this judicial district, by among other things, selling and offering for sale products that infringe the asserted patent, directly or through intermediaries, as alleged herein.

9. Venue in the Western District of Texas is proper pursuant to 28 U.S.C. §§1391 and/or 1400(b).

10. This district was deemed to be a proper venue for patent cases against Microsoft in actions bearing docket numbers: 6-19-cv-00572 (*Zeroclick, LLC v. Microsoft Corporation*); 6-19-cv-00687 (*Exafer, Ltd. v. Microsoft Corporation.*); and 6-19-cv-00399 (*Neodron Ltd. v. Microsoft Corporation*).

9

11. On information and belief, Microsoft maintains a variety of regular and established business locations in the judicial district including its Corporate Sales Office Locations, Retail Store Locations, and Datacenter Locations.

12. On information and belief, Microsoft operates multiple corporate sales offices in the judicial district, and these offices constitute regular and established places of business.

13. On information and belief, Microsoft employs hundreds of employees within its corporate sales offices located in the judicial district.

14. On information and belief, Microsoft has an established place of business in this judicial district known as "Corporate Sales Office: Austin" located at 10900 Stonelake Boulevard, Suite 225, Austin, Texas 78759 and "Microsoft Retail Store: The Domain" located at 3309 Esperanza Crossing, Suite 104 Austin, Texas 78758.



https://www.microsoft.com/en-us/about/officelocator?Location=78759

15. On information and belief, Microsoft's "Corporate Sales Office: Austin" and "Microsoft Retail Store: The Domain" locations were respectively assessed by the Travis County Appraisal District in 2019 to have market values of over $2.3 million dollars and $2.7 million dollars.



http://propaccess.traviscad.org/clientdb/SearchResults.aspx

16. On information and belief, Microsoft has another established place of business in this judicial district known as "Corporate Sales Office: San Antonio" located at Concord Park II, 401 East Sonterra Boulevard, Suite 300, San Antonio, Texas 78258.



Source: Google Maps

17. On information and belief, Microsoft owns and operates multiple datacenters in the judicial district, including without limitation data centers located at 5150 Rogers Road, San Antonio, Texas 78251; 5200 Rogers Road, San Antonio, Texas 78251; 3823 Weisman Boulevard, San Antonio, Texas 78251; and 15000 Lambda Drive, San Antonio, Texas 782245.

18. On information and belief, Microsoft utilizes its datacenter locations in this judicial district as regular and established places of business. As a non-limiting example, the data centers in San Antonio are referred to within Microsoft as "US Gov Texas."

19. On information and belief, thousands of customers who rely on the infringing datacenter infrastructure that Microsoft's engineering and operations teams have built, reside in this judicial district.

## COUNT ONE - INFRINGEMENT OF U.S. PATENT NO. 7,106,702

20. Brazos re-alleges and incorporates by reference the preceding paragraphs of this Complaint.

21. On September 12, 2006, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,106,702 ("the '702 Patent"), entitled "On-Demand Dynamically Updated User Database and AAA Function for High Reliability Networks." A true and correct copy of the '702 Patent is attached as Exhibit A to this Complaint.

22. Brazos is the owner of all rights, title, and interest in and to the '702 Patent, including the right to assert all causes of action arising under the '702 Patent and the right to any remedies for the infringement of the '702 Patent.

23. Microsoft makes, uses, sells, offers for sale, imports, and/or distributes in the United States, including within this judicial district, products such as, but not limited to, Windows Server series products having Network Policy Server (NPS) (collectively, the "Accused Products").

24. The Accused Products allows users to create and enforce organization-wide network access policies of connection request authentication and authorization. Microsoft NPS can provide a Remote Authentication Dial-In User Service (RADIUS) server. NPS thus performs centralized authentication, authorization, and accounting for wireless, authenticating switch, remote access dialup and virtual private network (VPN) connections. NPS assists in configuring network access servers, such as wireless access points and VPN servers, as RADIUS clients. NPS can also configure RADIUS accounting so that NPS logs accounting information to log files on the local hard disk or in a Microsoft SQL Server database.

> **Network Policy Server (NPS)**
> 06/20/2018 • 12 minutes to read • 👥👥👥👥👥 +2
>
> > Applies to: Windows Server (Semi-Annual Channel), Windows Server 2016, Windows Server 2019
>
> You can use this topic for an overview of Network Policy Server in Windows Server 2016 and Windows Server 2019. NPS is installed when you install the Network Policy and Access Services (NPAS) feature in Windows Server 2016 and Server 2019.

https://docs.microsoft.com/en-us/windows-server/networking/technologies/nps/nps-top

> NPS allows you to centrally configure and manage network access authentication, authorization, and accounting with the following features:
>
> - **RADIUS server**. NPS performs centralized authentication, authorization, and accounting for wireless, authenticating switch, remote access dial-up and virtual private network (VPN) connections. When you use NPS as a RADIUS server, you configure network access servers, such as wireless access points and VPN servers, as RADIUS clients in NPS. You also configure network policies that NPS uses to authorize connection requests, and you can configure RADIUS accounting so that NPS logs accounting information to log files on the local hard disk or in a Microsoft SQL Server database. For more information, see RADIUS server.

https://docs.microsoft.com/en-us/windows-server/opbuildpdf/networking/TOC.pdf?branch=live

25. The Accused Products allow redundant RADIUS clients or NPS servers. Microsoft NPS evenly distributes incoming connection requests among multiple NPSs to prevent overloading of one or more NPS.

> Remote Authentication Dial-In User Service (RADIUS) clients, which are network access servers such as virtual private network (VPN) servers and wireless access points, create connection requests and send them to RADIUS servers such as NPS. In some cases, an NPS might receive too many connection requests at one time, resulting in degraded performance or an overload. When an NPS is overloaded, it is a good idea to add more NPSs to your network and to configure load balancing. When you evenly distribute incoming connection requests among multiple NPSs to prevent the overloading of one or more NPSs, it is called load balancing.

https://docs.microsoft.com/en-us/windows-server/opbuildpdf/networking/TOC.pdf?branch=live

26. The Accused Products allow network access servers to be configured to send connection requests to multiple NPS servers. Each access point may send connection requests to NPS servers in a specified order of priority.

> Configure your network access servers to send connection requests to multiple RADIUS servers. For example, if you have 20 wireless access points and two RADIUS servers, configure each access point to send connection requests to both RADIUS servers. You can load balance and provide failover at each network access server by configuring the access server to send connection requests to multiple RADIUS servers in a specified order of priority. This method of load balancing is usually best for small organizations that do not deploy a large number of RADIUS clients.
> https://docs.microsoft.com/en-us/windows-server/opbuildpdf/networking/TOC.pdf?branch=live

7

27. When performing RADIUS, the Accused Products can perform centralized connection authentication, authorization, and accounting for many types of network access, including wireless, authenticating switch, dialup, and virtual private network (VPN) remote access, and router-to-router connections.

> **RADIUS server and proxy**
>
> You can use NPS as a RADIUS server, a RADIUS proxy, or both.
>
> **RADIUS server**
>
> NPS is the Microsoft implementation of the RADIUS standard specified by the Internet Engineering Task Force (IETF) in RFCs 2865 and 2866. As a RADIUS server, NPS performs centralized connection authentication, authorization, and accounting for many types of network access, including wireless, authenticating switch, dial-up and virtual private network (VPN) remote access, and router-to-router connections.

https://docs.microsoft.com/en-us/windows-server/opbuildpdf/networking/TOC.pdf?branch=live

28. A directory service database, such as Active Directory Domain Services (AD DS), stores information about user accounts, email addresses, etc., and enables other authorized users on the same network to access this information.

> **Active Directory Domain Services**
>
> A directory is a hierarchical structure that stores information about objects on the network, such as users and computers. A directory service, such as AD DS, provides the methods for storing directory data and making this data available to network users and administrators. For example, AD DS stores information about user accounts, including names, email addresses, passwords, and phone numbers, and enables other authorized users on the same network to access this information.

https://docs.microsoft.com/en-us/windows-server/opbuildpdf/networking/TOC.pdf?branch=live

29. An Accused Product can provide a central switching or routing point through which RADIUS access and accounting messages flow. Messages that are forwarded are logged at the central point, to enable synchronizing user databases. An Accused Product acting as a RADIUS proxy server connects Access Servers and RADIUS servers. These active connections help the server to conduct the AAA functions for the network.

> When used as a RADIUS proxy, NPS is a central switching or routing point through which RADIUS access and accounting messages flow. NPS records information in an accounting log about the messages that are forwarded.

https://docs.microsoft.com/en-us/windows-server/opbuildpdf/networking/TOC.pdf?branch=live



https://docs.microsoft.com/en-us/windows-server/opbuildpdf/networking/TOC.pdf?branch=live

30. The Accused Products may also provide a set of active nodes, each acting as a RADIUS server. As a RADIUS server, the Accused Products have access to user account information and can check network access authentication credentials. If user credentials are authenticated, and the connection attempt is authorized, the RADIUS server authorizes user access based on specified conditions and then logs the network access connection in an accounting log.

A RADIUS server has access to user account information and can check network access authentication credentials. If user credentials are authenticated and the connection attempt is authorized, the RADIUS server authorizes user access on the basis of specified conditions, and then logs the network access connection in an accounting log. The use of RADIUS allows the network access user authentication, authorization, and accounting data to be collected and maintained in a central location, rather than on each access server.

https://docs.microsoft.com/en-us/windows-server/opbuildpdf/networking/TOC.pdf?branch=live

31. The Accused Products have failover settings that provide a way to determine whether a remote RADIUS server is unavailable. If a RADIUS server is determined to be unavailable, the Accused Products can start sending connection requests to other group members.

> - **Advanced settings**. These failover settings provide a way for NPS to determine whether the remote RADIUS server is unavailable. If NPS determines that a RADIUS server is unavailable, it can start sending connection requests to other group members. With these settings you can configure the number of seconds that the NPS proxy waits for a response from the RADIUS server before it considers the request dropped; the maximum number of dropped requests before the NPS proxy identifies the RADIUS server as unavailable; and the number of seconds that can elapse between requests before the NPS proxy identifies the RADIUS server as unavailable.

https://docs.microsoft.com/en-us/windows-server/opbuildpdf/networking/TOC.pdf?branch=live

32. The Accused Products provide fault tolerance and can be configured as a primary RADIUS server or a backup. Each RADIUS client configures on both NPS. If the primary NPS becomes unavailable, RADIUS clients (or proxies) then send Access-Request messages to the alternate NPS.

> Determine whether you are deploying more than one NPS. To provide fault tolerance for RADIUS-based authentication and accounting, use at least two NPSs. One NPS is used as the primary RADIUS server and the other is used as a backup. Each RADIUS client is then configured on both NPSs. If the primary NPS becomes unavailable, RADIUS clients then send Access-Request messages to the alternate NPS.

https://docs.microsoft.com/en-us/windows-server/opbuildpdf/networking/TOC.pdf?branch=live

33. In view of preceding paragraphs, each and every element of at least claim 18 of the '702 Patent is found in the Accused Products.

34. Microsoft has and continues to directly infringe at least one claim of the '702 Patent, literally or under the doctrine of equivalents, by making, using, selling, offering for sale, importing, and/or distributing the Accused Products in the United States, including within this judicial district, without the authority of Brazos.

35. Microsoft has received notice and actual or constructive knowledge of the '702 Patent since at least the date of service of this Complaint.

36. Since at least the date of service of this Complaint, through its actions, Microsoft has actively induced product makers, distributors, retailers, and/or end users of the Accused Products to infringe the '702 Patent throughout the United States, including within this judicial district, by, among other things, advertising and promoting the use of the Accused Products in various websites, including providing and disseminating product descriptions, operating manuals, and other instructions on how to implement and configure the Accused Products. Examples of such advertising, promoting, and/or instructing include the documents at:

- https://docs.microsoft.com/en-us/windows-server/networking/technologies/nps/nps-top
- https://docs.microsoft.com/en-us/windows-server/opbuildpdf/networking/TOC.pdf?branch=live

37. Since at least the date of service of this Complaint, through its actions, Microsoft has contributed to the infringement of the '702 Patent by having others sell, offer for sale, or use the Accused Products throughout the United States, including within this judicial district, with knowledge that the Accused Products infringe the '702 Patent. The Accused

Products are especially made or adapted for infringing the '702 Patent and have no substantial non-infringing use. For example, in view of the preceding paragraphs, the Accused Products contain functionality which is material to at least one claim of the '702 Patent.

## JURY DEMAND

Brazos hereby demands a jury on all issues so triable.

## REQUEST FOR RELIEF

WHEREFORE, Brazos respectfully requests that the Court:

(A)  Enter judgment that Microsoft infringes one or more claims of the '702 Patent literally and/or under the doctrine of equivalents;

(B)  Enter judgment that Microsoft has induced infringement and continues to induce infringement of one or more claims of the '702 Patent;

(C)  Enter judgment that Microsoft has contributed to and continues to contribute to the infringement of one or more claims of the '702 Patent;

(D)  Award Brazos damages, to be paid by Microsoft in an amount adequate to compensate Brazos for such damages, together with pre-judgment and post-judgment interest for the infringement by Microsoft of the '702 Patent through the date such judgment is entered in accordance with 35 U.S.C. § 284, and increase such award by up to three times the amount found or assessed in accordance with 35 U.S.C. § 284;

(E)  Declare this case exceptional pursuant to 35 U.S.C. § 285; and

(F)  Award Brazos its costs, disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by this Court.

Dated: June 2, 2020                                   Respectfully submitted,

                                        */s/ James L. Etheridge*
                                        James L. Etheridge
Texas State Bar No. 24059147
Ryan S. Loveless
Texas State Bar No. 24036997
Travis L. Richins
Texas State Bar No. 24061296

ETHERIDGE LAW GROUP, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, Texas 76092
Telephone: (817) 470-7249
Facsimile: (817) 887-5950
Jim@EtheridgeLaw.com
Ryan@EtheridgeLaw.com
Travis@EtheridgeLaw.com

**COUNSEL FOR PLAINTIFF**

13