# Exhibit 4

RESPONSE UNDER 37 C.F.R. § 1.116
EXPEDITED PROCEDURE
GROUP 2614
**PATENT APPLICATION**

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re application of | Docket No: Q73020 |
| Emmanual MARILLY, et al. | |
| Appln. No.: 10/307,461 | Group Art Unit: 2614 |
| Confirmation No.: 9501 | Examiner: Melur RAMAKRISHNAIAH |
| Filed: December 2, 2002 | |
| For:   A METHOD OF DETERMINING SERVICE TRENDS | |

**RESPONSE UNDER 37 C.F.R. § 1.116**

**MAIL STOP AF**
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Sir:

In response to the Office Action dated July 19, 2007, please amend the above-identified application as follows on the accompanying pages.

**TABLE OF CONTENTS**

REMARKS ................................................................................................................................ 2

RESPONSE UNDER 37 C.F.R. § 1.116                              Attorney Docket No.: Q73020
U.S. Appln. No.: 10/307,461

## REMARKS

Reconsideration and allowance of the subject application are respectfully requested. Claims 1 and 3-13 are all the claims pending in the application. In response to the Office Action, Applicant respectfully submits that the claims define patentable subject matter.

Claims 1, 3, 5, 6, 12 and 13 remain rejected under 35 U.S.C. § 102(e) as being anticipated by Clark (WO 01/80492). Claim 4 remains rejected under 35 U.S.C. § 103(a) as being unpatentable over Clark in view of Jones et al. (U.S. Patent No. 6,721,750, hereafter "Jones"). Claims 7-10 remain rejected under 35 U.S.C. § 103(a) as being unpatentable over Clark in view of Chittipeddi (U.S. Patent No. 6,246,325). Claim 11 remains rejected under 35 U.S.C. § 103(a) as being unpatentable over Clark in view of Deville (U.S. Patent No. 5,909,646).

In the Amendment filed on June 12, 2007, Applicant submitted that there was no teaching or suggestion in Clark of the feature "determining as a function of the trend of the indicator a time of the service indicator crossing a defined threshold", as recited in amended claim 1, and moreover, the Examiner had provided no _specific_ support in the cited reference for this feature of claim 1(which was previously recited in claim 2), but merely alleged that this feature along with the features of dependent claims 3, 5, 6, 12 and 13 are taught in the Abstract, page 5, line 25 – page 6, line 23; page 7, line 25 – page 9, line 21; page 10, line 17 – page 14, line 19 and FIGS. 3-7.

WSOU_454_7366160-0000551

RESPONSE UNDER 37 C.F.R. § 1.116  Attorney Docket No.: Q73020
U.S. Appln. No.: 10/307,461

In response, the Examiner now asserts:

Clark clearly teaches: The value of R (reads on trend) is compared to a threshold value and an indication transferred to SNMP Agent (307, fig. 3) should the value of R be below said threshold value, according to FIG. 7 steps 731 and 734 (page 13, lines 5-6). This clearly reads on applicant's claim limitation such as: determining as a function of the trend of the indicator a time service indicator crossing a defined threshold.

Applicant respectfully submits that claim 1 would not have been anticipated by Clark. In particular, there is no teaching or suggestion in Clark of "determining as a function of the trend of the indicator <u>a time of the service indicator crossing a defined threshold</u>", as recited in the claim.

Clark discloses a subjective quality monitoring system which estimates the parameters of a statistical model representing the probabilities of a packet based transmission system being in a low loss state or a high loss state, and uses these estimates to predict the subjective quality of a multimedia signal. A Voice Quality Monitor (309) computes an estimate of a received voice quality based on previously gathered statistics. This computed voice quality value is transferred to a Threshold and History Tracking function (405) and stored for later retrieval (page 12). Clark further discloses that an Integrator value (R) contained within the Threshold and History Tracking function (405) is compared to a threshold value, and if the Integrator value (R) is below the threshold value, an indication is sent to an SNMP agent (307).

However, Applicant respectfully submits that there is simply no teaching or suggestion in Clark of determining <u>a time</u> of a service indicator crossing a defined threshold as a function of

3

RESPONSE UNDER 37 C.F.R. § 1.116          Attorney Docket No.: Q73020
U.S. Appln. No.: 10/307,461

the trend of the indicator, as required by the claim. The trend indicators of the clamed invention are used, for example, to define service evolution forecasts, making it possible to establish functions such as a time remaining for a threshold crossing and a level of service after a predetermined time. A signal may also be given to warn that a predetermined trend is being exceeded or is in imminent danger of failing, thereby enabling preventative measures to be implemented. This form of trend determination enables the evolution requirements of the network in the short, medium and long term to be determined.

    Applicant respectfully submits that this aspect of the claim is neither taught nor suggested by Clark. In other words, Clark does not disclose determining <u>a time</u> that a service indicator will cross a defined threshold as a function of the trend of the indicator, as required by the claim.

    Further, Chittipeddi, Jones and Devillle do not make up for the deficiencies of Clark.

    Accordingly, Applicant respectfully submits that claim 1 should be allowable, because the cited reference does not teach or suggest all of the features of the claim. Claims 3-13 should also be allowable at least by virtue of their dependency on independent claim 1.

    In view of the above, reconsideration and allowance of this application are now believed to be in order, and such actions are hereby solicited. If any points remain in issue which the Examiner feels may be best resolved through a personal or telephone interview, the Examiner is kindly requested to contact the undersigned at the telephone number listed below.

WSOU_454_7366160-0000553

RESPONSE UNDER 37 C.F.R. § 1.116              Attorney Docket No.: Q73020
U.S. Appln. No.: 10/307,461

      The USPTO is directed and authorized to charge all required fees, except for the Issue Fee and the Publication Fee, to Deposit Account No. 19-4880. Please also credit any overpayments to said Deposit Account.

Respectfully submitted,

SUGHRUE MION, PLLC            Mark E. Wallerson
Telephone: (202) 293-7060       Registration No. 59,043
Facsimile: (202) 293-7860

WASHINGTON OFFICE
**23373**
CUSTOMER NUMBER

Date: November 19, 2007

5