# Exhibit 5

AMENDMENT UNDER 37 C.F.R. § 1.111　　　　　　　　　　Attorney Docket No.: Q73020
U.S. Patent Application No.: 10/307,461

## REMARKS

Reconsideration and allowance of the subject application are respectfully requested. By this Amendment, Applicant has amended claims 1, 5, and 6, and cancelled claim 2. Accordingly, upon entry of this Amendment, claims 1 and 3-13 are all the claims pending in the application. In response to the Office Action, Applicant respectfully submits that the claims define patentable subject matter.

### I. Overview of the Office Action

Claims 1-3, 5, 6, and 12-13 are rejected under 35 U.S.C. § 102(e) as being anticipated by Clark (WO 01/80492). Claim 4 is rejected under 35 U.S.C. § 103(a) as being unpatentable over Clark in view of Jones et al. (U.S. Patent No. 6,721,750, hereafter "Jones"). Claims 7-10 are rejected under 35 U.S.C. § 103(a) as being unpatentable over Clark in view of Chittipeddi (U.S. Patent No. 6,246,325). Claims 11 is rejected under 35 U.S.C. § 103(a) as being unpatentable over Clark in view of Deville (U.S. Patent No. 5,909,646). By this Amendment, Applicant has cancelled claim 2, therefore rendering moot the rejection of claim 2.

### II. Preliminary Matters

**A. Foreign Priority**

A certified copy of the Foreign Priority document was filed in the U.S. Patent and Trademark Office on July 31, 2002. However, the Examiner did not properly acknowledge receipt of the Foreign Priority document by checking box 12(a)(1) of the Office Action Summary. Applicant respectfully requests that the Examiner fully acknowledge receipt of the Foreign Priority documents in the next Office Action.

WSOU_454_7366160-0000526

AMENDMENT UNDER 37 C.F.R. § 1.111　　　　　　　　　　　　Attorney Docket No.: Q73020
U.S. Patent Application No.: 10/307,461

### B. Information Disclosure Statement

Applicant thanks the Examiner for initialing and returning a copy of the form PTO/SB/08 filed on December 2, 2002.

### III.　Prior Art Rejections

#### Disclosure of Clark

Clark discloses generally a quality monitoring system for packet based multimedia signal transmission systems. The monitoring system estimates the parameters of a statistical model representing the probabilities of the packet based transmission system being in a low loss state or a high loss state (page 5, lines 18-24), and uses the estimates to predict the subjective quality of the multimedia signal.

#### Analysis

The Examiner alleges that Clark discloses all of the features of independent claim 1. Applicant respectfully disagrees with the Examiner's position.

Clark teaches a quality of service monitor for a multimedia communications system (FIG. 2) which selects at least two parameters (packet loss and jitter) (page 11, lines 1-13). The parameters are measured at regular and frequent intervals (page 10, lines 29-30 and page 11, lines 1-13). A service indicator (voice quality) is estimated at regular intervals based on the determined parameters (page 11, lines 14-15). The computed voice quality is then transferred to a Thresholding and History Tracking function (page 12, lines 13-15).

There is no teaching or suggestion in Clark of "a subsequent step of determining as a function of the trend of the indicator a time of the service indicator crossing a defined threshold"

WSOU_454_7366160-0000527

AMENDMENT UNDER 37 C.F.R. § 1.111                                           Attorney Docket No.: Q73020
U.S. Patent Application No.: 10/307,461

as recited in amended claim 1. The Examiner provides no <u>specific</u> support in the cited reference for this feature of the claim, but merely alleges that this feature along with the features of dependent claims 3, 5, 6, 12 and 13 are taught in the Abstract, page 5, line 25 – page 6, line 23; page 7, line 25 – page 9, line 21; page 10, line 17 – page 14, line 19 and FIGS. 3-7. However, these cited portions (or any other portion) of Clark simply do not disclose "determining as a function of the trend of the indicator a time of the service indicator crossing a defined threshold" as recited in amended claim 1.

Accordingly, Applicant respectfully submits that independent claim 1 should be allowable because the cited references do not teach or suggest all of the features of the claim. Claims 3-13 should also be allowable as least by virtue of their dependency on independent claim 1.

In view of the above, reconsideration and allowance of this application are now believed to be in order, and such actions are hereby solicited. If any points remain in issue which the Examiner feels may be best resolved through a personal or telephone interview, the Examiner is kindly requested to contact the undersigned at the telephone number listed below.

Applicant files concurrently herewith a Petition (with fee) for an Extension of Time of one month, thereby extending the time for response to **<u>June 12, 2007</u>**. Applicant hereby petitions for any extension of time which may be required to maintain the pendency of this application, and any required fee for such extension is to be charged to Deposit Account No. 19-4880.

WSOU_454_7366160-0000528


AMENDMENT UNDER 37 C.F.R. § 1.111  Attorney Docket No.: Q73020
U.S. Patent Application No.: 10/307,461

The Commissioner is also authorized to charge any additional fees under 37 C.F.R. § 1.16 and/or § 1.17 necessary to keep this application pending in the Patent and Trademark Office or credit any overpayment to said Deposit Account No. 19-4880.

Respectfully submitted,

SUGHRUE MION, PLLC
Telephone: (202) 293-7060
Facsimile: (202) 293-7860

/Mark E. Wallerson/
Mark E. Wallerson
Registration No. 59,043

WASHINGTON OFFICE
23373
CUSTOMER NUMBER

Date: June 12, 2007

8