## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **WSOU INVESTMENTS, LLC D/B/A** | § | |
| **BRAZOS LICENSING AND** | § | **CIVIL ACTION 6:20-cv-00454-ADA** |
| **DEVELOPMENT,** | § | **CIVIL ACTION 6:20-cv-00455-ADA** |
| *Plaintiff,* | § | **CIVIL ACTION 6:20-cv-00456-ADA** |
| | § | **CIVIL ACTION 6:20-cv-00457-ADA** |
| | § | **CIVIL ACTION 6:20-cv-00458-ADA** |
| | § | **CIVIL ACTION 6:20-cv-00459-ADA** |
| **v.** | § | **CIVIL ACTION 6:20-cv-00460-ADA** |
| | § | **CIVIL ACTION 6:20-cv-00461-ADA** |
| | § | **CIVIL ACTION 6:20-cv-00462-ADA** |
| | § | **CIVIL ACTION 6:20-cv-00463-ADA** |
| **MICROSOFT CORPORATION,** | § | **CIVIL ACTION 6:20-cv-00464-ADA** |
| *Defendant.* | § | **CIVIL ACTION 6:20-cv-00465-ADA** |

## JOINT CLAIM CONSTRUCTION STATEMENT

**TO THE HONORABLE COURT:**

Pursuant to the scheduling orders in these cases, the Parties jointly submit this claim construction statement.[1]

### A.    -455, -457, -459, and -463 Cases

| -455 Case, United States Patent No. 9,814,988 (Disputed) | | |
|---|---|---|
| **Claim Term/Phrase** | **Plaintiff's Construction** | **Defendant's Construction** |
| "adaptor unit" (Claim 20)<br><br>[Proposed by Defendant] | Plain and ordinary meaning | a device, having a video receiver, hard disk, and CPU that encodes video data, that provides a game console with access to interactive services |

---

[1] **WSOU's Position:** WSOU agrees with the Court's "default order" communicated to the parties on February 23, 2021 concerning the *Markman* hearings, namely the -454, -455, -457, -459, -461, -463, and -465 cases being heard on March 9, 2021 and the -456, -458, -460, -462, and -464 cases being heard on March 23, 3021. **Microsoft's Position:** The parties will discuss and offer a proposal to the Court as to which grouped terms should be discussed with the Court at the rescheduled March 9, 2021 *Markman* hearing and which should be discussed at the rescheduled March 23, 2021 hearing.

| -457 Case, United States Patent No. 8,965,978 (Agreed) ||
| Claim Term/Phrase | Agreed Construction |
|---|---|
| "gaining" (Claims 1 and 12)<br><br>[Proposed by Plaintiff] | gaming |

| -457 Case, United States Patent No. 8,965,978 (Disputed) |||
| Claim Term/Phrase | Plaintiff's Construction | Defendant's Construction |
|---|---|---|
| "third-party lobby" (Claims 1 and 12)<br><br>[Proposed by Defendant] | Plain and ordinary meaning | lobby separate from the local lobby associated with the gaming session |
| "lobby" (Claim 12)<br><br>[Proposed by Defendant] | Plain and ordinary meaning | software and/or hardware that matches users to form groups |

| -459 Case, United States Patent No. 7,750,286 (Disputed) |||
| Claim Term/Phrase | Plaintiff's Construction | Defendant's Construction |
|---|---|---|
| "polarization beam splitter (PBS)" (Claim 15)<br><br>[Proposed by Defendant] | Plain and ordinary meaning | optical component with two conjoined prisms, each of which reflects light of one polarization and transmits light of an orthogonal polarization |
| "quarter-wave plate" (Claim 15)<br><br>[Proposed by Defendant] | Plain and ordinary meaning | optical component that shifts a polarized light beam passing therethrough by one quarter wavelength |
| "spatial light modulator (SLM)" (Claim 15)<br><br>[Proposed by Defendant] | Plain and ordinary meaning | optical component with a 2-dimensional arrangement of pixels that displays an image |

| -463 Case, United States Patent No. 8,226,241 (Disputed) |||
| Claim Term/Phrase | Plaintiff's Construction | Defendant's Construction |
|---|---|---|
| "spatial light modulator (SLM)" (Claim 15)<br><br>[Proposed by Defendant] | Plain and ordinary meaning | optical component with a 2-dimensional arrangement of pixels that displays an image |

B.    -454, -465, and -461 Cases

| -454 Case, United States Patent No. 7,366,160 (Disputed) |||
| Claim Term/Phrase | Plaintiff's Construction | Defendant's Construction |
|---|---|---|
| "selecting two or more parameters of a network" and | Plain and ordinary meaning | selecting two or more different types of parameters |

| -454 Case, United States Patent No. 7,366,160 (Disputed) | | |
|---|---|---|
| **Claim Term/Phrase** | **Plaintiff's Construction** | **Defendant's Construction** |
| "measuring and/or calculating at two or more times values of the network parameters"<br><br>[Proposed by Defendant] | | of a network / measuring and/or calculating at two or more times values of the two or more different types of network parameters |
| "network parameter"<br><br>[Proposed by Defendant] | Plain and ordinary meaning | measurable service level specifications from which service indicator values can be determined |
| "determining at two or more times the value of a service indicator", "determining a trend of the indicator", and "determining as a function of the trend of the indicator"<br><br>[Proposed by Defendant] | Plain and ordinary meaning | computing [at two or more times the value of a service indicator / a trend of the indicator / a time of the service indicator crossing a defined threshold] using the [measured and/or calculated parameter values / determined indicator values / trend of the indicator] |
| "service indicator"<br><br>[Proposed by Defendant] | Plain and ordinary meaning | an indicator of the quality of a network service distinct from the network parameters |
| "determining as a function of the trend of the indicator a time of the service indicator crossing a defined threshold"<br><br>[Proposed by Defendant] | Plain and ordinary meaning | determining as a function of the trend of the service indicator the time remaining for the indicator crossing a defined threshold |
| "neural network determines rules of association between a service trend and service parameter values"<br><br>[Proposed by Defendant] | Plain and ordinary meaning; not indefinite | Indefinite |
| "calculating a mathematical expectation of financial loss as a function of the network service trend determined"<br><br>[Proposed by Defendant] | Plain and ordinary meaning; not indefinite | Indefinite |
| "determining a capacity to provide a network service at a given time" | Plain and ordinary meaning; not indefinite | Indefinite |

| -454 Case, United States Patent No. 7,366,160 (Disputed) | | |
|---|---|---|
| **Claim Term/Phrase** | **Plaintiff's Construction** | **Defendant's Construction** |
| [Proposed by Defendant] | | |

| -465 Case, United States Patent No. 8,274,902 (Disputed) | | |
|---|---|---|
| **Claim Term/Phrase** | **Plaintiff's Construction** | **Defendant's Construction** |
| "network that branches, downstream of the collection point"<br><br>[Proposed by Defendant] | Plain and ordinary meaning | refers to a tree network |
| "estimating a packet loss rate" and "an estimate of a packet loss rate"<br><br>[Proposed by Defendant] | Plain and ordinary meaning | calculating an approximate packet loss rate / a calculation of approximate packet loss rate |
| "packet loss rate"<br><br>[Proposed by Plaintiff] | the fraction of packets that are lost over a suitable time interval | the fraction of packets that are lost over a suitable time-averaging interval |
| "wherein the collected data relate to packet losses on the portion of a GPRS core network extending from the collection point to a plurality of [base /mobile] stations"<br><br>[Proposed by Defendant] | Plain and ordinary meaning; not indefinite | Indefinite |

| -461 Case, United States Patent No. 7,106,702 (Disputed) | | |
|---|---|---|
| **Claim Term/Phrase** | **Plaintiff's Construction** | **Defendant's Construction** |
| "active node(s)"<br><br>[Proposed by Plaintiff] | node(s) in an active state of AAA functionality | node(s) that carry out the AAA functions for the network by employing their respective user databases |
| "monitoring the active nodes to determine if one of the active nodes gets disconnected from the network", "said active nodes monitoring one another to detect if an active node becomes disconnected from the network", and "monitoring the active nodes to detect if one becomes | Plain and ordinary meaning | two active nodes monitoring one another to detect if one becomes disconnected from the network |

| -461 Case, United States Patent No. 7,106,702 (Disputed) | | |
|---|---|---|
| **Claim Term/Phrase** | **Plaintiff's Construction** | **Defendant's Construction** |
| disconnected from the network"<br><br>[Proposed by Defendant] | | |
| "each of said nodes having a user database"<br><br>[Proposed by Defendant] | Plain and ordinary meaning | each of said nodes maintaining its own user database |
| "activating the AAA functions of the active nodes"<br><br>[Proposed by Defendant] | Plain and ordinary meaning; not indefinite | Indefinite |
| "geographic distance therebetween is maximized", "geographic distance between active nodes is maximized", "geographic distance between it and the active node which got disconnected from the network is maximized", and "node selected in step (d) is chosen to maximize a sum of a geographic distance between the active nodes and a geographic distance between the node selected in step (d) and the node which got disconnected from the network"<br><br>[Proposed by Defendant] | Plain and ordinary meaning; not indefinite | Indefinite |
| "logging changes to the user databases for the active nodes thereby updating the same to reflect changes in information contained therein" and "wherein each of the active nodes logs changes to its user database thereby updating the same to reflect changes in information contained therein"<br><br>[Proposed by Defendant] | Plain and ordinary meaning; not indefinite | Indefinite |

### C.  -460, -462, and -464 Cases

| -460 Case, United States Patent No. 8,625,758 (Disputed) | | |
|---|---|---|
| **Claim Term/Phrase** | **Plaintiff's Construction** | **Defendant's Construction** |
| "accessing, dynamically, a rule for charging a sponsor of said communication services" [Proposed by Defendant] | Plain and ordinary meaning | selecting in real-time which rule from a set of rules is applicable for charging a sponsor of said communication service |
| "a plurality of parameter values including at least one respective value of at least one respective parameter other than an identity of an originator of the request for communication services, an intended recipient of a communication of the requested communication services and an identity of the sponsor" [Proposed by Defendant] | Plain and ordinary meaning | a plurality of parameter values, one of which must be something other than the location/country code of the phone number of an originator of the request for communication services, the location/ country code of the phone number of the intended recipient of a communication of the requested communication services, or the identity of the sponsor |
| "dynamically determining a rule for charging a sponsor of said communication service" [Proposed by Defendant] | Plain and ordinary meaning | selecting in real-time which rule from a set of rules is applicable for charging a sponsor of said communication service |
| "a plurality of parameter values including at least one respective value of at least one respective parameter other than an identity of an originator of a request for the communication service, an intended recipient of a communication of the requested communication service and an identity of the sponsor" [Proposed by Defendant] | Plain and ordinary meaning | a plurality of parameter values, one of which must be something other than the location/country code of the phone number of the recipient of an originator of the request for communication services, the location/ country code of the phone number of the intended recipient of a communication of the requested communication services, or the identity of the sponsor |
| "a first cost for the usage of said communication service is charged at least partially to said sponsor, by determining | Plain and ordinary meaning | Indefinite |

| -460 Case, United States Patent No. 8,625,758 (Disputed) | | |
|---|---|---|
| **Claim Term/Phrase** | **Plaintiff's Construction** | **Defendant's Construction** |
| a second cost, the second cost depending on said rule and said first cost"<br><br>[Proposed by Defendant] | | |

| -462 Case, United States Patent No. 7,106,727 (Disputed) | | |
|---|---|---|
| **Claim Term/Phrase** | **Plaintiff's Construction** | **Defendant's Construction** |
| "[determining / determine] a measure of the plurality of calls"<br><br>[Proposed by Defendant] | Plain and ordinary meaning | measuring the number and type of calls on the network |
| "set of resources"<br><br>[Proposed by Defendant] | Plain and ordinary meaning | a part of a pool of physical network resources, each capable of handling circuit-switched and packet-switched formats |

| -464 Case, United States Patent No. 7,706,519 (Disputed) | | |
|---|---|---|
| **Claim Term/Phrase** | **Plaintiff's Construction** | **Defendant's Construction** |
| "automatically"/ "automatic"<br><br>[Proposed by Defendant] | Plain and ordinary meaning | Indefinite |

**D.  -456 and -458 case**

| -456 Case, United States Patent No. 7,676,550 (Disputed) | | |
|---|---|---|
| **Claim Term/Phrase** | **Plaintiff's Construction** | **Defendant's Construction** |
| "presentity" / "presentities"<br><br>[Proposed by Defendant] | Plain and ordinary meaning | the entity whose presence is being represented |
| "presence contributors"<br><br>[Proposed by Defendant] | Plain and ordinary meaning | an entity that provides presence information about a presentity to a presence server or presence agent |
| "means for defining access rules for each of said presence contributors, said access rules associated with each of said presence contributors defining respective rights and privileges of said presence | Plain and ordinary meaning, not subject to 35 U.S.C. § 112 ¶ 6.<br><br>But if the Court deems this term is subject to 35 U.S.C. § 112 ¶ 6: | Subject to 35 U.S.C. § 112 ¶ 6.<br><br>**Function**: defining access rules for each of said presence contributors, said access rules associated with each of said presence |

| -456 Case, United States Patent No. 7,676,550 (Disputed) | | |
|---|---|---|
| **Claim Term/Phrase** | **Plaintiff's Construction** | **Defendant's Construction** |
| contributors to access said presence information of said presently after said presence contributors have provided said presence information to said presence server"<br><br>[Proposed by Defendant] | **Function**: defining access rules for each of said presence contributors<br><br>**Structure**: multiple access presence agent with presence server, and equivalents thereof<br><br>Furthermore, if the Court deems disclosure of an algorithm is required:<br><br>**Algorithm**: define respective rights and privileges of presence contributors to access the presence information of a presently | contributors defining respective rights and privileges of said presence contributors to access said presence information of said presently after said presence contributors have provided said presence information to said presence server.<br><br>**Structure**: presently 110 along with presence server 160 and presence agent 150<br><br>**Algorithm that must be included in the Structure**: Not Disclosed<br><br>Term is Indefinite for failure to disclose structure including algorithm for performing the function |
| "means for authenticating one of said presence contributors to determine said access rules associated with said one of said presence contributors"<br><br>[Proposed by Defendant] | Plain and ordinary meaning, not subject to 35 U.S.C. § 112 ¶ 6.<br><br>But if the Court deems this term is subject to 35 U.S.C. § 112 ¶ 6:<br>**Function**: authenticating one of said presence contributors to determine said access rules associated with said one of said presence contributors<br><br>**Structure**: multiple access presence agent with presence server, and equivalents thereof<br><br>Furthermore, if the Court deems disclosure of an algorithm is required: | Subject to 35 U.S.C. § 112 ¶ 6.<br><br>**Function**: authenticating one of said presence contributors to determine said access rules associated with said one of said presence contributors<br><br>**Structure**: presence server 160 and presence agent 150<br><br>**Algorithm that must be included in the Structure**: Not Disclosed<br><br>Term is Indefinite for failure to disclose structure including algorithm for performing the function |

| -456 Case, United States Patent No. 7,676,550 (Disputed) | | |
|---|---|---|
| **Claim Term/Phrase** | **Plaintiff's Construction** | **Defendant's Construction** |
| | **Algorithm**: determine if said presence contributor is authenticated based on provided authentication credentials | |
| "means for enabling access to said presence information of said presentity by said one of said presence contributors based on said access rules associated with said one of said presence contributors"<br><br>[Proposed by Defendant] | Plain and ordinary meaning, not subject to 35 U.S.C. § 112 ¶ 6.<br><br>But if the Court deems this term is subject to 35 U.S.C. § 112 ¶ 6:<br>**Function**: enabling access to said presence information of said presentity by said one of said presence contributors based on said access rules associated with said one of said presence contributors<br><br>**Structure**: multiple access presence agent with presence server, and equivalents thereof<br><br>Furthermore, if the Court deems disclosure of an algorithm is required:<br><br>**Algorithm**: determine access rules for said one of said presence contributors and granting said one of said presence contributors the rights and privileges associated with said access rules | Subject to 35 U.S.C. § 112 ¶ 6.<br><br>**Function**: enabling access to said presence information of said presentity by said one of said presence contributors based on said access rules associated with said one of said presence contributors<br><br>**Structure**: presence server 160, presence agent 150, presence user agent 140, and communications network 130<br><br>**Algorithm that must be included in the Structure:** Not Disclosed<br><br>Term is Indefinite for failure to disclose structure including algorithm for performing the function |
| "means for enabling access further includes means for filtering said presence information of said presentity based on said access rules of said one of said presence | Plain and ordinary meaning, not subject to 35 U.S.C. § 112 ¶ 6.<br><br>But if the Court deems this term is subject to 35 U.S.C. | Subject to 35 U.S.C. § 112 ¶ 6.<br><br>"means for enabling access further includes means for filtering said presence |

| -456 Case, United States Patent No. 7,676,550 (Disputed) | | |
|---|---|---|
| **Claim Term/Phrase** | **Plaintiff's Construction** | **Defendant's Construction** |
| contributors to produce filtered presence information and means for providing said filtered presence information to said one of said presence contributors"<br><br>[Proposed by Defendant] | § 112 ¶ 6, and to the extent Defendant's proposal is understandable:<br>**Function 1 of 2**: filtering said presence information of said presentity based on said access rules of said one of said presence contributors to produce filtered presence information<br><br>**Structure 1 of 2**: multiple access presence agent with presence server, and equivalents thereof<br><br>Furthermore, if the Court deems disclosure of an algorithm is required:<br><br>**Algorithm 1 of 2**: select some or all of said presentity's presence information to allow said one of said presence contributor to access or view<br><br>**Function 2 of 2**: providing said filtered presence information to said one of said presence contributors<br><br>**Structure 2 of 2**: multiple access presence agent with presence server, and equivalents thereof<br><br>Furthermore, if the Court deems disclosure of an algorithm is required:<br><br>**Algorithm 2 of 2**: allow said one of said presence contributor to access or view | information of said presentity based on said access rules of said one of said presence contributors to produce filtered presence information"<br><br>**Function 1**: filtering presence information of said presentity based on said access rules of said one of said presence contributors to produce filtered presence information<br><br>**Structure 1**: presence server 160 and presence agent 150 with access rules 210<br><br>**Algorithm that must be included in the Structure 1**: Not Disclosed<br><br>Term is Indefinite for failure to disclose structure including algorithm for performing the function<br><br>"means for providing said filtered presence information to said one of said presence contributors"<br><br>**Function 2**: providing said filtered presence information to said one of said presence contributors<br><br>**Structure 2**: presence server 160, presence agent 150, presence user agent 140, and communications network 130 or 135 |

| -456 Case, United States Patent No. 7,676,550 (Disputed) | | |
|---|---|---|
| **Claim Term/Phrase** | **Plaintiff's Construction** | **Defendant's Construction** |
| | the selected some or all of said presentity's presence information | **Algorithm that must be included in the Structure 2:** Not Disclosed<br><br>Term is Indefinite for failure to disclose structure including algorithm for performing the function |
| "means for enabling access further includes means for enabling said one of said presence contributors to update said presence information of said presentity based on said access rules of said one of said presence contributors"<br><br>[Proposed by Defendant] | Plain and ordinary meaning, not subject to 35 U.S.C. § 112 ¶ 6.<br><br>But if the Court deems this term is subject to 35 U.S.C. § 112 ¶ 6:<br>**Function**: enabling said one of said presence contributors to update said presence information of said presentity based on said access rules of said one of said presence contributors<br><br>**Structure**: multiple access presence agent with presence server, and equivalents thereof<br><br>Furthermore, if the Court deems disclosure of an algorithm is required:<br><br>**Algorithm**: providing one of said presence contributors the ability to set/change the presence information of said presentity subject to any limits on the ability according to said access rules | Subject to 35 U.S.C. § 112 ¶ 6.<br><br>**Function**: enabling said one of said presence contributors to update said presence information of said presentity based on said access rules of said one of said presence contributors<br><br>**Structure**: presence contributors 120, presence server 160, presence agent 150 with access rules 210, presence user agent 140, and communications network 130<br><br>**Algorithm that must be included in the Structure:** Not Disclosed<br><br>Term is Indefinite for failure to disclose structure including algorithm for performing the function |
| "means for enabling access further includes means for enabling said one of said presence contributors to define preference information | Plain and ordinary meaning, not subject to 35 U.S.C. § 112 ¶ 6. | Subject to 35 U.S.C. § 112 ¶ 6.<br><br>**Function**: enabling said one of said presence contributors |

| -456 Case, United States Patent No. 7,676,550 (Disputed) | | |
|---|---|---|
| **Claim Term/Phrase** | **Plaintiff's Construction** | **Defendant's Construction** |
| associated with said presence information of said presentity based on said access rules of said one of said presence contributors"<br><br>[Proposed by Defendant] | But if the Court deems this term is subject to 35 U.S.C. § 112 ¶ 6:<br><br>**Function**: enabling said one of said presence contributors to define preference information associated with said presence information of said presentity based on said access rules of said one of said presence contributors<br><br>**Structure:** multiple access presence agent with presence server, and equivalents thereof<br><br>Furthermore, if the Court deems disclosure of an algorithm is required:<br><br>**Algorithm:** providing one of said presence contributors the ability to set/change the preference information of said presentity subject to any limits on the ability according to said access rules | to define preference information associated with said presence information of said presentity based on said access rules of said one of said presence contributors<br><br>**Structure**: presence server 160, presence agent 150 with access rules 210, presence user agent 140, and communications network 130<br><br>**Algorithm that must be included in the Structure:** Not Disclosed<br><br>Term is Indefinite for failure to disclose structure including algorithm for performing the function |
| "means for authenticating further includes means for assigning authentication credentials to each of said presence contributors and means for receiving said authentication credentials of said one of said presence contributors to authenticate said one of said presence contributors"<br><br>[Proposed by Defendant] | Plain and ordinary meaning, not subject to 35 U.S.C. § 112 ¶ 6.<br><br>But if the Court deems this term is subject to 35 U.S.C. § 112 ¶ 6, and to the extent Defendant's proposal is understandable:<br>**Function 1 of 2**: assigning authentication credentials to each of said presence contributors<br><br>**Structure 1 of 2**: multiple access presence agent with presence server, and equivalents thereof | Subject to 35 U.S.C. § 112 ¶ 6.<br><br>"means for assigning authentication credentials to each of said presence contributors"<br><br>**Function 1**: assigning authentication credentials to each of said presence contributors<br><br>**Structure 1**: presentity 110 and presence server 160 with presence agent 150 |

| -456 Case, United States Patent No. 7,676,550 (Disputed) | | |
|---|---|---|
| **Claim Term/Phrase** | **Plaintiff's Construction** | **Defendant's Construction** |
| | Furthermore, if the Court deems disclosure of an algorithm is required:<br><br>**Algorithm 1 of 2**: associating authentication credentials with each of said presence contributors<br><br>**Function 2 of 2**: receiving said authentication credentials of said one of said presence contributors to authenticate said one of said presence contributors<br><br>**Structure 2 of 2**: multiple access presence agent with presence server, and equivalents thereof<br><br>Furthermore, if the Court deems disclosure of an algorithm is required:<br><br>**Algorithm 2 of 2**: not required under *In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303 (Fed. Cir. 2011) | **Algorithm that must be included in the Structure 1**: Not Disclosed<br><br>Term is Indefinite for failure to disclose structure including algorithm for performing the function<br><br>"means for receiving said authentication credentials of said one of said presence contributors to authenticate said one of said presence contributors"<br><br>**Function 2**: receiving said authentication credentials of said one of said presence contributors to authenticate said one of said presence contributors<br><br>**Structure 2**: presence contributors 120, presence server 160, presence agent 150, presence user agent 140, and communications network 130 or 135<br><br>**Algorithm that must be included in the Structure 2**: Not Disclosed<br><br>Term is Indefinite for failure to disclose structure including algorithm for performing the function |
| "means for enabling further includes means for enabling access to said presence information of said presentity by multiple ones of said presence contributors | Plain and ordinary meaning, not subject to 35 U.S.C. § 112 ¶ 6. | Subject to 35 U.S.C. § 112 ¶ 6.<br><br>**Function**: enabling access to said presence information of said presentity by multiple |

| -456 Case, United States Patent No. 7,676,550 (Disputed) | | |
| --- | --- | --- |
| **Claim Term/Phrase** | **Plaintiff's Construction** | **Defendant's Construction** |
| simultaneously based on said respective access rules associated with said multiple ones of said presence contributors"<br><br>[Proposed by Defendant] | But if the Court deems this term is subject to 35 U.S.C. § 112 ¶ 6:<br>**Function**: enabling access to said presence information of said presentity by multiple ones of said presence contributors simultaneously based on said respective access rules associated with said multiple ones of said presence contributors<br><br>**Structure**: multiple access presence agent with presence server, and equivalents thereof<br><br>Furthermore, if the Court deems disclosure of an algorithm is required:<br><br>**Algorithm**: provide access by multiple ones of said presence contributors simultaneously to said presence information of said presentity, each of said presence contributors possibly having different rights and privileges to said presence information based on said respective access rules | ones of said presence contributors simultaneously based on said respective access rules associated with said multiple ones of said presence contributors<br><br>**Structure**: presence server 160, presence agent 150, presence user agent 140, and communications network 130<br><br>**Algorithm that must be included in the Structure:** Not Disclosed<br><br>Term is Indefinite for failure to disclose structure including algorithm for performing the function |

| -458 Case, United States Patent No. 7,388,868 (Agreed) | |
| --- | --- |
| **Claim Term/Phrase** | **Agreed Construction** |
| "emergency call muter" (Claim 12)<br><br>[Proposed by Defendant] | emergency call router |

| -458 Case, United States Patent No. 7,388,868 | | |
|---|---|---|
| **Claim Term/Phrase** | **Plaintiff's Construction** | **Defendant's Construction** |
| "an emergency call router"<br><br>[Proposed by Defendant] | Plain and ordinary meaning | back-up call router that is operable only when the communication link fails |
| "access gateway"<br><br>[Proposed by Defendant] | Plain and ordinary meaning | gateway coupled to the packet data network for communication with a softswitch |
| "target gateway"<br><br>[Proposed by Defendant] | Plain and ordinary meaning | gateway coupled to the emergency call router and separate from the access gateway |
| "selectably operable" and "selectably routing"<br><br>[Proposed by Defendant] | Plain and ordinary meaning | deciding whether to permit a call to be routed based on call-type or call priority |
| "… wherein said emergency call muter is further for determining whether the call of the selected call-type shall be completable by way of the normal-operation communication link and for rerouting a call request to the local-network alternate station upon determination that the call completion by way of the normal-operation communication link"<br><br>[Proposed by Defendant] | Plain and ordinary meaning; not indefinite | Indefinite |

DATED:  February 25, 2021                    Respectfully submitted,

                                             By:  */s/ Ryan Loveles*
                                             Mark D. Siegmund
                                             State Bar No. 24117055
                                             mark@waltfairpllc.com
                                             **Law Firm of Walt, Fair PLLC.**
                                             1508 North Valley Mills Drive
                                             Waco, Texas 76710
                                             Telephone: (254) 772-6400
                                             Facsimile: (254) 772-6432

                                             James L. Etheridge
                                             Texas State Bar No. 24059147
                                             Ryan S. Loveless
                                             Texas State Bar No. 24036997
                                             Travis L. Richins
                                             Texas State Bar No. 24061296
                                             Brett A. Mangrum
                                             Texas State Bar No. 24065671
                                             Jeffrey Huang
                                             ETHERIDGE LAW GROUP, PLLC
                                             2600 E. Southlake Blvd., Suite 120 / 324
                                             Southlake, Texas 76092
                                             Telephone: (817) 470-7249
                                             Facsimile: (817) 887-5950
                                             Jim@EtheridgeLaw.com
                                             Ryan@EtheridgeLaw.com
                                             Travis@EtheridgeLaw.com
                                             Brett@EtheridgeLaw.com
                                             JeffH@EtheridgeLaw.com

                                             *Counsel for Plaintiff WSOU Investments, LLC*

DATED:  February 25, 2021            Respectfully submitted,

                                             By:  */s/ Irene Yang*
                                             Barry K. Shelton
                                             Texas State Bar No. 24055029
                                             SHELTON COBURN LLP
                                             311 RR 620 S, Suite 205
                                             Austin, TX 78734
                                             Telephone: (512) 263-2165
                                             Fax: (512) 263-2166

bshelton@sheltoncoburn.com

Michael J. Bettinger
Irene Yang
SIDLEY AUSTIN LLP
555 California St., Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200
Fax: (415) 772-7400
mbettinger@sidley.com
irene.yang@sidley.com

Richard A. Cederoth
John W. McBride
SIDLEY AUSTIN LLP
1 South Dearborn St.
Chicago, IL 60603
Telephone: (312) 853-7000
Fax: (312) 853-7036
rcederoth@sidley.com
jwmcbride@sidley.com

*Attorneys for Defendant Microsoft Corporation*