*Filed Under Seal*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT, | § § § | *Filed Under Seal* |
| | § | CIV. ACTION NO. 6:20-CV-00454-ADA |
| | § | CIV. ACTION NO. 6:20-CV-00455-ADA |
| Plaintiff, | § | CIV. ACTION NO. 6:20-CV-00456-ADA |
| | § | CIV. ACTION NO. 6:20-CV-00458-ADA |
| v. | § | CIV. ACTION NO. 6:20-CV-00459-ADA |
| | § | CIV. ACTION NO. 6:20-CV-00460-ADA |
| | § | CIV. ACTION NO. 6:20-CV-00461-ADA |
| MICROSOFT CORPORATION, | § | CIV. ACTION NO. 6:20-CV-00462-ADA |
| | § | CIV. ACTION NO. 6:20-CV-00463-ADA |
| Defendant. | § | CIV. ACTION NO. 6:20-CV-00464-ADA |

## CORRECTED[1] RULE 26 MOTION FOR PROTECTIVE ORDER BY NON-PARTY WADE & COMPANY (USA), INC. AND BY WSOU INVESTMENTS LLC

Nonparty Wade & Company (USA), Inc. ("Wade and Company") and Plaintiff WSOU Investments, LLC request a protective order prohibiting Microsoft from taking further attempts to enforce its subpoenas against Wade and Company. This motion is filed pursuant to Federal Rule of Civil Procedure 26 (c)(1).

## BACKGROUND

### A. Procedural Background.

On April 6, 2021, Microsoft issued broad subpoenas on Wade seeking documents and deposition testimony (the "Subpoenas"). The document subpoena broadly requests documents on fourteen categories of documents. The deposition subpoena includes topics that are essentially identical to the document requests. Wade and Company served objections on April 23, 2021 and supplemental responses on June 1, 2021. The parties have met and conferred by telephone twice. During phone conferences and through written correspondence, Wade and Company has repeatedly explained to Microsoft that: (1) Wade and Company has conducted a reasonable search

---

[1] This motion was corrected to include the certificate of conference.

*Filed Under Seal*

and does not have documents responsive to Microsoft's subpoena; and (2) no person currently at Wade and Company has knowledge of the topics in Microsoft's subpoena. Wade and Company has also repeatedly offered a signed declaration and requested that Microsoft accept a declaration of these facts in lieu of a deposition. Microsoft refuses, insisting that it must depose Wade and Company to confirm that it has no documents or knowledge responsive to Microsoft's responses.

Microsoft has now threatened to file a motion to compel against Wade and Company in the Central District of California (by way of a "joint stipulation" under the applicable local rules). On August 26, 2021, Microsoft sent Wade and Company the "joint stipulation." Under the local rules of the Central District of California, Wade and Company must add its "response" to the joint stipulation and return it to Microsoft by September 2, 2021. In its "response," Wade and Company will request that Microsoft's motion be transferred here pursuant to Federal Rule 45(f), as this Court is better suited to resolve the dispute between Wade and Microsoft.

**B. Wade and Company has no relevant documents or knowledge.**

Approximately four or five years ago, Wade and Company briefly explored the possibility of purchasing some patents from Nokia. *See* Marc Wade Decl. ¶ 3.[2] Because Wade and Company is not in the patent business, it ultimately decided not to participate in the purchase any patents from Nokia. *Id.* Wade and Company does not own and has not invested in the "Patents-in-Suit" mentioned in Microsoft's Subpoenas. *Id.* It has no interest, ownership, or rights in the "Patents-in-Suit" listed in Microsoft's subpoena. *Id.* ¶ 6. Mr. Wade has no recollection regarding the details of the potential purchase from Nokia. *Id.* ¶ 4. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████ No other person at Wade and Company had any knowledge regarding the details of the potential purchase from Nokia. *Id.*

Wade and Company signed a few documents while exploring the possible purchase from

---

[2] For efficiency, the Wade Declaration is being filed only in the -454 case.

*Filed Under Seal*

Nokia. *Id.* ¶5. Mr. Wade does not recall exactly how many documents Wade and Company signed or exactly when they were signed. *Id.* He believes they were signed years ago. *Id.* He conducted a reasonable search for the documents and did not locate them. *Id.* He does not believe Wade and Company kept them. *Id.* Because Wade and Company decided not to purchase patents from Nokia, Mr. Wade was not concerned about keeping the documents. *Id.*

Mr. Wade is aware that WSOU ultimately purchased the patents from Nokia and "assume[s] WSOU has documents relating to the purchase, including the few documents signed by Wade and Company, but [he has] no personal knowledge concerning what documents WSOU has." *Id.* ¶ 7.[3]

Microsoft's subpoenas request documents and testimony about agreements between Wade and Company and the inventors of the patents in suit. Wade and Company is not in the patent business and has never done business with or had had any communications with the inventors. *Id.* ¶8. Although Wade and Company has repeatedly informed Microsoft of this fact, Microsoft refuses to withdraw even this topic.

The Subpoenas request information about the "preparation, drafting, filing, or prosecution of each of the Patents-in-Suit." Wade and Company is not in the patent business. *Id.* ¶9. Wade and Company did not prepare, draft, file, or prosecute any of the Patents-in-Suit. *Id.* Mr. Wade does not know who did. *Id.* Although Wade and Company has repeatedly informed Microsoft of this fact, Microsoft refuses to withdraw even this topic.

The Subpoenas request information about Wade and Company's relationship with "any entity" ████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

---

[3] Counsel for WSOU can confirm that WSOU has the few documents signed by Wade and Company – ████████████████████████████████████████████████████████████████████ – and has produced them to Microsoft. Those documents were in the possession of WSOU, not Wade and Company, and were produced by WSOU, not Wade and Company. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████



*Filed Under Seal*

████████████████████████████████████████████. If any of those persons or entities are mentioned in the few documents Wade and Company signed when exploring the potential purchase from Nokia, those documents represent the full extent of any dealings Wade and Company has had with them. *Id*. Although Wade and Company has repeatedly informed Microsoft of this fact, Microsoft refuses to withdraw even this topic.

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████

The Subpoenas request information about Wade and Company's communications with WSOU about "This Litigation," Microsoft, or the Patents-in-Suit. Wade and Company has not had communication with WSOU regarding "This Litigation" or Microsoft. *Id*. ¶12. Although Wade and Company has repeatedly informed Microsoft of this fact, Microsoft refuses to withdraw even this topic.

The Subpoenas ask for information about "Other WSOU Defendants," which the Subpoenas define as "any and all companies that WSOU has sued in patent litigation matters," including companies such as Dell and Huawei. Wade and Company is not in the patent business and is not, and has never been, involved in any lawsuits against the "Other WSOU Defendants." *Id*. ¶13. Wade and Company does not have information relating to "Other WSOU Defendants" that is related to the lawsuits or the Patents-in-Suit (other than perhaps a user manual or agreement for a Dell product etc.).

Wade and Company likewise has no knowledge of other topics in Microsoft's Subpoenas, such as topics seeking information about the "subject matter described in each of the Patents-in-Suit" or the "conception, reduction to practice, and diligence in the reduction to practice of any alleged invention of the Patents-in-Suit." Indeed, without making assumptions about legal matters beyond his expertise, Mr. Wade does not know what the Subpoena means by these terms. *Id*. ¶14.

*Filed Under Seal*

### C. Relevant information regarding Wade and Company, if any, can be obtained from WSOU.

 One of the topics in Microsoft's Rule 30(b)(6) notice on WSOU is WSOU's relationship or interactions with Wade and Company.

WSOU has conducted a reasonable search for documents and has produced documents to Microsoft that relate to Wade and Company, including early versions of the Patent Purchase Agreement with Nokia, which Wade and Company assigned to WSOU.

### ARGUMENT AND AUTHORITIES

A court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense ..." FED. R. CIV. P. 26(c)(1). Whether a subpoena imposes an undue burden is a question of reasonableness determined by balancing the benefits and burdens of the deposition and whether the information is obtainable from an alternative source. *MetroPCS v. Thomas*, 327 F.R.D. 600, 609 (N.D. Tex. 2018).

Here, there is good cause to enter a protective order to protect Wade and Company from the annoyance and undue burden or expense of a deposition because Wade and Company has no knowledge or documents responsive to Microsoft's Subpoenas. *See* Wade Declaration. If there is any information about Wade and Company relevant to this case, it would be information obtainable from WSOU, not Wade and Company.

Therefore, Wade and Company and WSOU respectfully request a protective order forbidding Microsoft from further attempts to depose Wade and Company.

*Filed Under Seal*

Dated: September 1, 2021          Respectfully submitted,

By:    */s/ Ryan Loveless*
James L. Etheridge
Texas Bar No. 24059147
Ryan S. Loveless
Texas Bar No. 24036997
Brett A. Mangrum
Texas Bar No. 24065671
Travis L. Richins
Texas Bar No. 24061296
Jeffrey Huang
Brian M. Koide
Etheridge Law Group, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, TX 76092
Tel.: (817) 470-7249
Fax: (817) 887-5950
Jim@EtheridgeLaw.com
Ryan@EtheridgeLaw.com
Brett@EtheridgeLaw.com
Travis@EtheridgeLaw.com
JHuang@EtheridgeLaw.com
Brian@EtheridgeLaw.com

*Counsel for Wade & Company*

**CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing instrument was served or delivered electronically via email to all counsel of record on September 1, 2021.

*/s/ Ryan Loveless*
Ryan S. Loveless

**CERTIFICATE OF CONFERENCE**

Counsel for Wade and Company and WSOU conferred multiple times with Microsoft, including by phone on August 25, 2021. Microsoft is opposed to the relief requested.

*/s/ Ryan Loveless*
Ryan S. Loveless