*Filed Under Seal*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT, | § § § § | *Filed Under Seal* |
| | § | CIV. ACTION NO. 6:20-CV-00454-ADA |
| | § | CIV. ACTION NO. 6:20-CV-00455-ADA |
| Plaintiff, | § | CIV. ACTION NO. 6:20-CV-00456-ADA |
| | § | CIV. ACTION NO. 6:20-CV-00458-ADA |
| v. | § | CIV. ACTION NO. 6:20-CV-00459-ADA |
| | § | CIV. ACTION NO. 6:20-CV-00460-ADA |
| | § | CIV. ACTION NO. 6:20-CV-00461-ADA |
| MICROSOFT CORPORATION, | § | CIV. ACTION NO. 6:20-CV-00462-ADA |
| | § | CIV. ACTION NO. 6:20-CV-00463-ADA |
| Defendant. | § | CIV. ACTION NO. 6:20-CV-00464-ADA |

**REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER BY NON-PARTY WADE & COMPANY (USA), INC. AND BY WSOU INVESTMENTS LLC**

*Filed Under Seal*

Whether a subpoena imposes an undue burden is a question of reasonableness determined by balancing the benefits and burdens of the deposition and whether the information is obtainable from an alternative source. *MetroPCS v. Thomas*, 327 F.R.D. 600, 609 (N.D. Tex. 2018). Here, Microsoft makes no attempt to dispute that any discoverable information it seeks to obtain from a deposition of Wade and Company ("Wade") is obtainable from an alternative source. Microsoft cannot reasonably dispute this because: (1) no current employee of Wade has knowledge concerning the details surrounding the Patent Purchase Agreement Microsoft seeks to depose Wade about; and (2) the person who *was* at Wade who has knowledge of the details surrounding the Patent Purchase Agreement is the current president of WSOU, who is designated as a Rule 30(b)(6) witness and noticed as a Rule 30(b)(1) witness. There can be no question that the deposition of Wade to discovery facts *known* to Mr. Shanus would unreasonably burden Wade.

### A. Microsoft does not need a Wade representative to "verify" the statements in Mr. Wade's declaration, much less to obtain any discoverable information sought in its subpoenas.

Wade has *no* documents responsive to Microsoft's subpoena for documents, and nobody at Wade have any knowledge responsive to Microsoft's subpoena for testimony. *See* Marc Wade Decl. ¶¶ 3 - 5.

Microsoft does not need a Wade representative to "verify" the statements in Mr. Wade's declaration. Microsoft can look to its own evidence to confirm Mr. Wade's statement that he ███████ ████████████████████████████████████████████████████ *Id.* ¶4. ████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████. *See* **Exhibit A.**[1] ████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████ Microsoft does not need to harass Wade, a third party with no relevant documents or knowledge, to depose ████████████ oncerning the

---

[1] Exhibit A consists of excerpts from Microsoft's Exhibit 6. It is being filed only in the -454 case.

*Filed Under Seal*

documents he signed on behalf of Wade.

### B. The topics in Microsoft's subpoena are not "targeted to key issues in the case."

The topics in Microsoft's subpoena are not "targeted to key issues in the case," as Microsoft falsely claims in its response. Topics 2-3, 8, 11, and 15 ask for: (1) agreements and communications with the named inventors; and (2) information relating to the prosecution of the patents, reduction to practice, prior art, or public use of the patents. Microsoft speculates that Wade "would have been expected to review such information in the course of preparing to purchase the portfolio." Resp. at 6. Microsoft's speculation is false. *See* Wade Decl. ¶¶8-9, 12-14. No communication between Wade and the inventors of the asserted patents exists. Moreover, Wade has no expertise or even basic knowledge concerning patent prosecution, reduction to practice, prior art, or public use of the patents. *Id.* Thus, any deposition concerning these topics is not only a waste of time, but unduly burdensome.

Microsoft argues it needs a deposition on Topics 4, 6 and 9-10 to discover "information regarding offers to buy, sell, obtain rights to, or license the Patents-in-Suit and communications with WSOU regarding the patents, the lawsuits, or Microsoft." Resp. at 5. As Microsoft should know by now, information regarding *negotiations* is not discoverable.[2] At the discovery hearing on September 7, 2021, Microsoft conceded this by withdrawing it request that the court "order the plaintiff to produce all proposed licenses and other negotiation documents." *See* September 7, 2021, 3:30 p.m. Hearing Transcript at 32. The Court remarked: "That was very wise of you. It would not have taken very long to get it resolved." *Id.* During the same hearing, this Court denied Microsoft's request that WSOU be compelled to produce negotiation letters between WSOU and Nokia (regarding the same Patent Purchase Agreement that is at issue in this discovery dispute).

---

[2] In *Uniloc v. Google*, for example, Action No. 2:18-CV-503-JRG-RSP, the Eastern District of Texas denied Google's motion to compel license negotiations. Recognizing that the EDTX had previously found "unconsummated settlement and licensing negotiations with the patents-in-suit . . . not discoverable" (*see Sol IP, LLC v. AT&T Mobility LLC*, 2-18-cv-00526, Docket No. 291 at 6-7 (EDTX); *Mondis Tech., Ltd. v. LG Elecs., Inc.*, No. 2:07-CV-565, 2011 WL 1714304, at *5 (E.D. Tex. May 4, 2011) (refusing to compel negotiations of unconsummated settlement agreements because they are unreliable and because compelling them would have a "chilling effect on settlement negotiations").

*Filed Under Seal*

*Id.* at 13 (Court: ). Microsoft is not entitled to discovery on negotiations relating to the Patent Purchase Agreement from WSOU; thus, Microsoft is certainly not entitled to this information from a nonparty.

Microsoft argues it needs a deposition on Topics 5-7 and 10 to understand the nature and scope of Wade's rights in the Patents-in-Suit. There is no merit to this argument. The "nature and scope of Wade's rights" in the Patents-in-Suit is determined by the operative documents, which Microsoft has, not by deposition testimony.³ Microsoft makes no attempt to explain why it needs extrinsic evidence to determine what is stated on the face of the contract.

**C. Wade did not waive its objections to the deposition subpoena.**

Wade did not waive its objections to Microsoft's subpoena. Wade timely served formal objections on April 23, 2021 and June 1, 2021. While the objections specifically address the document requests by Microsoft, the document requests and deposition topics are identical.⁵ Microsoft agreed to extend the date for compliance under the deposition to June 14, 2021 and further agreed to "work with you as needed following receipt of the document production and

---

³ New York courts apply an "objective theory of contract." *SR Intern. Business Ins. Co. Ltd., et al. v. World Trade Cntr. Prop. LLC, et al.*, 467 F.3d 107, 125 (2d Cir. 2006) (applying New York law). Contracts are construed "by looking to 'the objective manifestations of the intent of the parties as gathered by their expressed words and deeds.' *Oyster Optics, LLC v. Infinera Corp.*, 2:18-CV-00206-JRG, 2019 WL 2603173, at *3 (E.D. Tex. June 25, 2019), aff'd, 843 Fed. Appx. 298 (Fed. Cir. 2021) (applying New York law).

⁴ This is, by the way, consistent with Mr. Wade's testimony that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Microsoft's speculation that Wade must have undertaken a "diligence analysis" and must have such documents is pure speculation and is false. Wade elected not to purchase the patents because it is not in the patent business.

⁵ Microsoft does not claim Wade waived any objections to the document requests, ignoring the document subpoena completely, yet seek to depose Wade concerning documents Wade does not have.

*Filed Under Seal*

depending upon the availability of witnesses." Yang Decl. Ex. 2 at 8. Thereafter, the parties continued to confer. By email on June 9, 2021, Wade informed Microsoft that Wade conducted a reasonable search and did not locate "any relevant documents" and that Wade "also [does] not have relevant ***knowledge***." Yang Decl. Ex. 2 at 8 (emphasis added).  Wade further stated in the June 9, 2021 email that "given [Wade's] lack of relevant information, [it would] not appear for depositions" and requested that Microsoft withdraw its depositions. *Id.* Microsoft falsely claims that Wade "did not serve any written objections to the deposition subpoena." Microsoft's argument ignores Wade's emails stating its objections. Microsoft's claim that *WSOU* never objected, "even by email," to the subpoena should not be mistaken for an allegation that Wade did not timely object to the subpoena. Wade served timely objections. Further, given that no deposition time was set by the parties during ongoing discussions, Wade's Rule 26 motion was timely.

      **D. Microsoft's mudslinging should be given no weight.**

Microsoft's mudslinging should be given no weight. Microsoft falsely claims Wade refused to meet and confer. Microsoft's own evidence shows otherwise. Microsoft falsely claims that Wade obtained an extension by misrepresenting that Wade's "collection of documents was ongoing." Wade made no such representation. As shown by Microsoft's own evidence, Wade said it was working to determine "what documents . . . it may have" and that Wade was working to "determine ***if*** they have responsive documents." Yang Decl. at 9-10 (emphasis added). Microsoft also falsely insinuates that Wade failed to timely submit its half of a joint submission intended for California. Wade did not send its half of the joint submission on September 2, 2021 because Microsoft decided to withdraw its request for the submission in favor of having this Court determine this discovery dispute. There is nothing treacherous about Wade's desire to have the Court knowledgeable with the facts of this Case resolve discovery disputes.  There is also nothing treacherous about Wade's efforts to *avoid* the necessity of coming to this Court seeking protection from a pointless subpoena.

*Filed Under Seal*

Dated: September 10, 2021          Respectfully submitted,

         By:    */s/ Ryan Loveless*
                James L. Etheridge
                Texas Bar No. 24059147
                Ryan S. Loveless
                Texas Bar No. 24036997
                Brett A. Mangrum
                Texas Bar No. 24065671
                Travis L. Richins
                Texas Bar No. 24061296
                Jeffrey Huang
                Brian M. Koide
                Etheridge Law Group, PLLC
                2600 E. Southlake Blvd., Suite 120 / 324
                Southlake, TX 76092
                Tel.: (817) 470-7249
                Fax: (817) 887-5950
                Jim@EtheridgeLaw.com
                Ryan@EtheridgeLaw.com
                Brett@EtheridgeLaw.com
                Travis@EtheridgeLaw.com
                JHuang@EtheridgeLaw.com
                Brian@EtheridgeLaw.com

                *Counsel for Wade & Company*

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was served or delivered electronically via email to all counsel of record on September 10, 2021.

                */s/ Ryan Loveless*
                Ryan S. Loveless