# EXHIBIT L

Declaration of Kevin Robert Oliver in Support of Defendant Microsoft Corporation's Motion to Exclude Improper Damages Opinions and Testimony of WSOU's Experts

- 1 -

```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TEXAS
                    WACO DIVISION

CLOUDOFCHANGE, LLC            *      April 29, 2021
                              *
VS.                           * CIVIL ACTION NO. W-19-CV-513
                              *
NCR CORPORATION               *

         BEFORE THE HONORABLE ALAN D ALBRIGHT
                   PRETRIAL CONFERENCE

APPEARANCES:

For the Plaintiff:        John H. Barr, Jr., Esq.
                          John Allen Yates, Esq.
                          Barden Todd Patterson, Esq.
                          Kyrie Kimber Cameron, Esq.
                          Patterson Sheridan, LLP
                          24 Greenway Plaza, Suite 1600
                          Houston, TX 77046

                          Abelino Reyna, Esq.
                          Patterson & Sheridan, LLP
                          900 Washington Ave., Suite 503
                          Waco, TX 76701

For the Defendant:        Charles E. Phipps, Esq.
                          Locke Lord LLP
                          2200 Ross Avenue, Suite 2800
                          Dallas, TX 75201

                          Scarlett Collings, Esq.
                          Charles S. Baker, Esq.
                          Daniel G. Nguyen, Esq.
                          Locke Lord LLP
                          600 Travis St., Suite 2800
                          Houston, TX 77002

Court Reporter:           Kristie M. Davis, CRR, RMR
                          PO Box 20994
                          Waco, Texas 76702-0994
                          (254) 340-6114
```

    Proceedings recorded by mechanical stenography, transcript produced by computer-aided transcription.

02:21 1 THE COURT: Well, she's not going to have a -- Mr. Barr,
02:21 2 she's not going to have a basis to talk about the 80 percent
02:21 3 without having a technical person explaining how he came up
02:21 4 with it.
02:21 5 MR. BARR: That -- that's right. But he's not required to
02:21 6 put it in his -- in his expert report on invalidity.
02:21 7 THE COURT: Oh, he is. Mr. Barr, indeed he is. No. He
02:21 8 is.
02:21 9 MR. BARR: In his -- in his noninfringement or invalidity
02:22 10 report, Your Honor?
02:22 11 THE COURT: He is required to have in his report whatever
02:22 12 Ms. Salters is going to rely on.
02:22 13 MR. BARR: Well, it was our understanding that
02:22 14 Ms. Salters, as a damages expert, is allowed to rely upon the
02:22 15 assistance of technical experts in the same way that the
02:22 16 defendants relied on technical experts.
02:22 17 THE COURT: She's absolutely entitled to do that, and he
02:22 18 has to put that in a report that can be -- that he can then be
02:22 19 cross-examined on.
02:22 20 So tell me anywhere in a report where he gave the basis
02:22 21 for the information that Ms. Salters intends to rely on.
02:22 22 MR. YATES: So, Your Honor, if we can go back to the
02:22 23 February 10th, 2021 report, where he goes in the details of his
02:22 24 technical areas and getting -- it's part of his technical
02:22 25 analysis.

02:24 1     THE COURT: Let me read it.
02:24 2     He says: First, it is my opinion approximately 80 percent
02:24 3  of the NCR Silver Essentials product embodies the asserted
02:24 4  patented components. My opinion is based on my analysis of the
02:24 5  value of the patented components based on the importance of
02:24 6  those components, accordingly, because they make up
02:24 7  approximately 80 percent of the essential functionality.
02:24 8     He goes on.
02:24 9     Where does he give an explanation for how he came up with
02:24 10 that 80 percent?
02:24 11    MR. YATES: It's -- only I can say to you, Your Honor,
02:25 12 it's here in the report where he has multiple features and of
02:25 13 the weight of those features. With his experience implementing
02:25 14 point-of-sale systems, he believes that's 80 percent tied to
02:25 15 the claims. And he does that through, you know, the A, B, C
02:25 16 and D, where we've talked about of the various pieces. The
02:25 17 mathematical explanation --
02:25 18    THE COURT: I understand all that. I'm going to strike
02:25 19 his opinion with regard to the 80 percent as not having been
02:25 20 adequately disclosed or explained in his report, and I'm not
02:25 21 going to allow Ms. Salters to give any opinion that is based on
02:25 22 Mr. Crouse's opinion with regard to 80 percent.
02:25 23    Mr. Phipps, is there anything else, other than the
02:25 24 80 percent, which I understand, about Mr. Crouse's opinion that
02:26 25 you wanted me to strike under Daubert?