IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a<br>BRAZOS LICENSING AND<br>DEVELOPMENT,<br><br>        Plaintiff,<br><br>    v.<br><br>MICROSOFT CORPORATION,<br><br>        Defendant. | Civil Action No. 6:20-cv-454<br>Civil Action No. 6:20-cv-461<br><br>PUBLIC VERSION |

**MICROSOFT CORPORATION'S MOTION FOR
<u>SUMMARY JUDGMENT OF NO STANDING</u>**

## LIST OF EXHIBITS

| Decl. Ex. | Document Name | Document Abbreviation |
|---|---|---|
| Ex. A | Excerpts of the Patent Purchase Agreement, effective July 22, 2017, including Schedules A and B1 | PPA |
| Ex. B | Excerpts of the Amendment to Patent Purchase Agreement, effective Aug. 2, 2017, including Amended Schedules A and B1 | Amended PPA |
| Ex. C | Assignment of Patent Purchase Agreement, effective Aug. 21, 2017 | PPA Assignment |
| ■ | ■ | ■ |
| Ex. E | Excerpts of Deposition of Stuart Shanus, dated Oct. 15, 2021 | Shanus Dep. |
| Ex. F | Excerpts of Assignee Recordation Cover Sheet, including Amended Schedule B1: Assignment of Patent Rights by Alcatel Lucent, Exhibit A of Amended Schedule B1, and Assignment of Patent Purchase Agreement | PTO Recordation |

I.      INTRODUCTION

WSOU Investments, LLC ("WSOU") does not own U.S. Patent Nos. 7,366,160 and 7,106,702 (together, the "Wade Patents") that it has asserted against Microsoft Corporation ("Microsoft"). A party that does not hold title or even a license to the Wade Patents has no exclusionary right in the patents. Article III permits "only parties with exclusionary rights to a patent [to] bring suit for patent infringement." *Luminara Worldwide, LLC v. Liown Elecs. Co.*, 814 F.3d 1343, 1347 (Fed. Cir. 2016). WSOU thus lacks standing to bring Case No. 6:20-cv-454 (for the '160 Patent) and Case No. 6:20-cv-461 (for the '702 Patent).

WSOU purports to have acquired title to the Wade Patents from Alcatel Lucent. But on August 2, 2017, Alcatel Lucent assigned the patents to third-party Wade and Company ("Wade"), not WSOU. WSOU produced no documents showing that Wade ever assigned the Wade Patents to WSOU. At most, Wade assigned "the whole of the interest of Wade and Company in [a] Patent Purchase Agreement"—a contract with various Nokia entities (including Alcatel Lucent) involving the purchase of the "Terrier" portfolio that included the Wade Patents. This simply transferred future obligations under the contract vis-à-vis the Nokia entities.



This confirms that as of the filing of these cases, WSOU—a non-owner and non-licensee of the Wade Patents—did not hold (and still does not hold) exclusionary rights to the Wade Patents.

1

WSOU lacks Article III standing to bring Case No. 6:20-cv-454 (for the '160 Patent) and Case No. 6:20-cv-461 (for the '702 Patent) against Microsoft. This Court should enter judgment of no liability in favor of Microsoft and dismiss these cases.

## II.     LEGAL STANDARD

Federal courts are courts of limited jurisdiction. Article III, Section 2 vests in federal courts the power to resolve "cases" or "controversies" arising under the enumerated categories. "The doctrine of constitutional standing serves to identify which disputes fall within these broad categories and therefore may be resolved by a federal court." *WiAV Sols. LLC v. Motorola, Inc.*, 631 F.3d 1257, 1264 (Fed. Cir. 2010) (citations omitted). To establish constitutional "standing," a party must show that it has suffered an injury-in-fact, traceable to the defendant, and which can be redressed by a federal court. *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1234 (Fed. Cir. 2019).

A patent-infringement plaintiff only satisfies the "injury in fact" requirement if it possess "exclusionary rights" in the asserted patents. *Id.* (citing *WiAV Sols. LLC*, 631 F.3d at 1264). "A patent grant bestows the legal right to exclude others," and hence an injury-in-fact only "occurs when a party performs at least one prohibited action with respect to the patented invention that violates these exclusionary rights." *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1339 (Fed. Cir. 2007) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). Stated differently, if a plaintiff lacks exclusionary rights, it is "not injured by a party that makes, uses, or sells the patented invention," and therefore lacks standing. *Morrow*, 499 F.3d at 1341. A constitutional standing defect unlike a prudential standing defect (*e.g.*, under 35 U.S.C. § 281) cannot be cured by adding the patent owner to the suit. *Id.*

2

### III.     FACTUAL BACKGROUND

In July 2017, Wade entered into a Patent Purchase Agreement ("PPA") with Alcatel Lucent, Nokia Solutions and Networks BV, and Nokia Technologies Oy (together, the non-Wade parties are the "Nokia entities"). Documents appended to the PPA contained specific assignments by the Nokia entities to Wade. For example, Schedule B1 assigned the Terrier portfolio, including the Wade Patents, from Alcatel Lucent to Wade. (PPA, WSOU-MICAL-0000246-247, -253 (identifying the '160 Patent), -359 (identifying the '702 Patent).)

Wade and the Nokia entities amended the PPA ("Amended PPA"), effective August 2, 2017. Per the Amended PPA, Alcatel Lucent assigned Wade the Terrier Portfolio, including the Wade Patents, on August 2, 2017. Relevant here, the Amended PPA replaced the original assignments from the Nokia entities to Wade with amended assignments from the Nokia entities to Wade (Amended PPA, § 9.14, WSOU-MICAL-0000710-711 (amended assignment to Wade), -717 (identifying the '160 Patent), -823 (identifying the '702 Patent)). Wade accepted the assignment of the Terrier Portfolio, on August 2, 2017.

Later, on August 21, 2017, Wade assigned to WSOU Wade's interest in the PPA (the "PPA Assignment"). This assigned WSOU rights in the PPA—specifically, "Wade and Company hereby assigns to WSOU Investments LLC and WSOU Investments LLC hereby accepts the whole of the interest of Wade and Company in the Patent Purchase Agreement." (PPA Assignment, WSOU-MICAL-0000932).

Wade did not assign or license the Wade Patents to WSOU in the PPA Assignment. Thereafter, the Amended PPA was amended five additional times ████████████████ ████████ None of these amendments or agreements assigned the Wade Patents to WSOU. WSOU, however, was a signatory to each of these amendments and ████████████

3



WSOU's filings with the Patent Office reflect this understanding. The only relevant documents recorded with the Patent Office were those discussed above: (1) Alcatel Lucent's

assignment of the Wade Patents to Wade (including amended schedules listing the assignment to Wade), and (2) the PPA Assignment from Wade to WSOU. *See generally* PTO Recordation.

## IV. ARGUMENT

WSOU does not own or license the Wade Patents; as such, it does not have an exclusionary right in the Wade Patents. Because WSOU lacks an exclusionary right in the Wade Patents, it suffers no injury-in-fact from infringement. WSOU therefore lacks Article III standing to assert the Wade Patents against Microsoft. *See Morrow*, 499 F.3d at 1339 ("A patent grant bestows the legal right to exclude others from making, using, selling, or offering to sell the patented invention in the United States, or importing the invention . . . Constitutional injury in fact occurs when a party performs at least one prohibited action with respect to the patented invention that violates these exclusionary rights.") (citations omitted).

████████████████████████████████████████████████████████████████ Wade can sell the patents, sue any entity for infringement in its own name (subject to the limitations in the PPA, as amended), and can forgive any infringement of the patents by granting a license. Nothing in the PPA, Amended PPA, or PPA Assignment says otherwise. Wade's right to sell, sue on, and license the Wade Patents are hallmarks of an exclusionary right in the patents.

The Federal Circuit has found a lack of standing in far less egregious situations. In *Morrow*, the plaintiff held a right to sue for infringement of the patent-at-issue. Although the plaintiff held the right to sue for infringement, another entity held title to the patent. The Federal Circuit explained that while the plaintiff had "the right to sue infringers" it did not have an exclusionary right; instead, the title holder "h[eld] the right to sell the patent, grant exclusive and nonexclusive licenses, grant the right to sublicense, or transfer any of the rights that [it] holds to another party." *Morrow*, 499 F.3d at 1342. As such, the plaintiff lacked Article III standing—a

5

right to sue is not a right to exclude, and any infringement of the exclusionary right harms the title holder, not the holder of the right-to-sue. *Id.* ("For any suit that [plaintiff] brings, its grievance is that the exclusionary interests held by [the title holder] are being violated. [Plaintiff] is not the party to which the statutes grant judicial relief.").

Here, WSOU does not even hold the right to sue. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ What Wade assigned WSOU on August 21, 2017 was just "the whole of the interest of Wade and Company in the Patent Purchase Agreement." (PPA Assignment, WSOU-MICAL-0000932.) In short, Wade's assigned WSOU its interests under the PPA vis-à-vis the Nokia entities, whereby WSOU could sue the Nokia entities for breach. For example, in WSOU's home state, "[a] person to whom a contract, express or implied, has been transferred or assigned, either in accordance with a statute or with the common law, may sue thereon in his or her own name." 10 Del. C. § 3902.

The subsequent and recent conduct between the parties confirms that WSOU did not inherit the assignment of the Wade Patents from Alcatel Lucent to Wade by virtue of receiving Wade's interest in the PPA. <u>First</u>, the parties to the assignment of the Wade Patents are indisputably Alcatel Lucent and Wade, not Alcatel Lucent and WSOU. That express assignment controls over any generalized statement in the PPA that the Nokia entities shall cause the patents to be assigned. *See, e.g.*, *Bowmer v. Bowmer*, 50 N.Y.2d 288, 294 (N.Y. 1980) (a "rule of construction" is "the specific provisions tend to restrict the general"). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

6

████████████████████████████████        ████████████████████████████████

████████████████████████████████

WSOU's right to sue Nokia for breach of contract does not grant it exclusionary rights to the Wade Patents. Without exclusionary rights in the Wade Patents, WSOU is not injured by any infringement and therefore lacks Article III standing.

## V. CONCLUSION

WSOU lacks Article III standing to bring these cases. A constitutional standing defect cannot be cured by joining Wade to these cases. *Morrow*, 499 F.3d at 1341. This Court should enter judgment of no liability to Microsoft, and dismiss Case No. 6:20-cv-454 (for the '160 Patent) and Case No. 6:20-cv-461 (for the '702 Patent).

DATED: April 12, 2022                              Respectfully submitted,

*/s/ Richard A. Cederoth (by permission)*

Melissa R. Smith, Bar No. 24001351
melissa@gillamsmithlaw.com
James "Travis" Underwood, Bar No. 24102587
travis@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-8450
Fax: (903) 934-9257

Michael J. Bettinger
mbettinger@sidley.com
Irene Yang
irene.yang@sidley.com
Brooke S. Boll
brooke.boll@sidley.com
**SIDLEY AUSTIN LLP**
555 California Street, Suite 2000
San Francisco, CA 94104
Tel: (415) 772-1200
Fax: (415) 772-7400

Richard A. Cederoth
rcederoth@sidley.com
John W. McBride
jwmcbride@sidley.com
Richard M. Chen
rchen@sidley.com
Kevin Robert Oliver
kevin.oliver@sidley.com
**SIDLEY AUSTIN LLP**
1 South Dearborn St.
Chicago, IL 60603
Tel: (312) 853-7000
Fax: (312) 853-7036

***ATTORNEYS FOR MICROSOFT CORPORATION***

## CERTIFICATE OF SERVICE

I, Richard M. Chen, certify that on April 12, 2022, the documents filed with the Clerk of Court via the Court's CM/ECF system under seal in the above-captioned cases were subsequently served on all counsel of record by electronic mail.

DATED: April 12, 2022                                  /s/ Richard M. Chen

Richard M. Chen
rchen@sidley.com
**SIDLEY AUSTIN LLP**
1 South Dearborn St.
Chicago, IL 60603
Tel: (312) 853-7000
Fax: (312) 853-7036

*ATTORNEY FOR MICROSOFT CORPORATION*