**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,

Plaintiff,

v.

MICROSOFT CORPORATION,

Defendant.

Civil Action No. 6:20-cv-454
Civil Action No. 6:20-cv-461

PUBLIC VERSION

**MICROSOFT CORPORATION'S REPLY IN SUPPORT OF THE MOTION FOR SUMMARY JUDGMENT OF NO STANDING**

## LIST OF EXHIBITS

| Decl. Ex. | Document Name | Document Abbreviation |
|---|---|---|
| Chen Decl. Ex. B (Dkt. No. 135-3, 454 Case) | Excerpts of the Amendment to Patent Purchase Agreement, effective Aug. 2, 2017, including Amended Schedules A and B1 | Amended PPA |
| Chen Decl. Ex. D (Dkt. No. 135-5, 454 Case) | [redacted] | [redacted] |
| Second Chen Decl. Ex. G | Excerpts of Amended Schedule B1: Assignment of Patent Rights by Alcatel Lucent; Exhibit A of Amended Schedule B1 | Alcatel-Wade Assignment |
| Etchegoyen Decl. Ex. 1 (Dkt. No. 155-13, 454 Case) | [redacted] | |

## TABLE OF ABBREVIATIONS

| Dkt. No. | Document Name | Document Abbreviation |
|---|---|---|
| Dkt. No. 155 (454 Case) | WSOU's Opposition to Microsoft's Motion for Summary Judgment of No Standing | Opp. Br. |

## I. INTRODUCTION

The only patent assignment produced in these cases identifies a third-party, Wade and Company ("Wade")—not Plaintiff WSOU Investments, LLC ("WSOU")—as the title-holder of asserted U.S. Patent No. 7,366,160 and U.S. Patent No. 7,160,702 (the "Wade Patents"). [redacted]

WSOU, as a non-owner of the Wade Patents, lacks Article III standing to bring Case No. 6:20-cv-454 (involving the '160 Patent) and Case No. 6:20-cv-461 (involving the '702 Patent). Because WSOU lacks standing to bring these cases, this Court should enter judgment of no liability in favor of Microsoft Corporation ("Microsoft") and dismiss these cases.

## II. ARGUMENT

On August 2, 2017, Alcatel Lucent, the previous owner of the Wade Patents, and two other Nokia-related entities (together, the "Nokia entities"), transferred title in a portfolio of patents to third-party, Wade. These patents became known as the "Terrier" patents, and, as part of this transfer, Alcatel Lucent assigned the Wade Patents to Wade, as shown below.

> This **PATENT ASSIGNMENT**, including without limitation Exhibit A of Amended Schedule B1 hereto, ("**Assignment**") is made by:
>
> (1) **Alcatel Lucent**, a company validly organized and existing under the laws of France and having its principal address at 148/152 Route de la Reine, 92100 Boulogne-Billancourt, France, ("**Assignor**"); to
>
> (2) **Wade and Company**, a company validly organized and existing under the laws of Ontario, Canada, having its principal address at 17 Prince Arthur, Toronto, ON M5R 1G4 CANADA, (the "**Assignee**").
>
> All references to the plural herein also mean the singular, and vice versa, unless the context otherwise requires.
>
> **WHEREAS**, Assignor is the owner of certain patents and patent applications, as specified in Exhibit A hereto.

(Alcatel-Wade Assignment, WSOU_454_7366160-0001374 (emphasis added).) Wade, per its Managing Director, Stuart Shanus, accepted this assignment.

ACKNOWLEDGED BY ASSIGNEE

ASSIGNEE:

WADE AND COMPANY

By: [signature]

Name: Stuart Shanus

Title: Managing Director

Date: Aug 2, 2017

(*Id.*, WSOU_454_7366160-0001375.) Fifteen months after these cases were filed, the Nokia entities, Wade, and WSOU confirmed that Wade held title to the Wade Patents.

Nothing in the record contradicts that Alcatel Lucent transferred title in the Wade Patents to Wade when Alcatel Lucent and Wade executed the August 2, 2017 assignment. WSOU, nonetheless, contends that it must hold title in the Wade Patents



There is nothing "absurd," as WSOU asserts (Opp. Br., 1), about related companies acting for each other; in fact, it is commonplace.

Moreover, WSOU's naked claim that "Microsoft's interpretation of the also conflicts with the text of the [Patent Purchase Agreement] itself" (Opp. Br., 7) actually undermines its own position.

1

2

Finally, WSOU's reliance on what may or may not have been Wade's or WSOU's intent at some point prior to the effective date of the [REDACTED] is irrelevant. (Opp. Br., 5.) The [REDACTED]

## III. CONCLUSION

Wade holds title to the Wade Patents. WSOU lacks Article III standing to bring these cases. This Court should enter judgment of no liability to Microsoft, and dismiss Case No. 6:20-cv-454 (involving the '160 Patent) and Case No. 6:20-cv-461 (involving the '702 Patent).

DATED: May 3, 2022

Respectfully submitted,

*/s/ Richard A. Cederoth (by permission)*

Melissa R. Smith, Bar No. 24001351
melissa@gillamsmithlaw.com
James "Travis" Underwood, Bar No. 24102587
travis@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-8450
Fax: (903) 934-9257

Michael J. Bettinger
mbettinger@sidley.com
Irene Yang
irene.yang@sidley.com
Brooke S. Boll
brooke.boll@sidley.com
**SIDLEY AUSTIN LLP**
555 California Street, Suite 2000

San Francisco, CA 94104
Tel: (415) 772-1200
Fax: (415) 772-7400

Richard A. Cederoth
rcederoth@sidley.com
John W. McBride
jwmcbride@sidley.com
Richard M. Chen
rchen@sidley.com
Kevin Robert Oliver
kevin.oliver@sidley.com
**SIDLEY AUSTIN LLP**
1 South Dearborn St.
Chicago, IL 60603
Tel: (312) 853-7000
Fax: (312) 853-7036

***ATTORNEYS FOR MICROSOFT CORPORATION***

**CERTIFICATE OF SERVICE**

I, Richard M. Chen, certify that on May 3, 2022 this document and related exhibits (unless previously-filed or non-confidential) were filed under seal with the Clerk of Court via the Court's CM/ECF system. This documents and the applicable exhibits were subsequently served on all counsel of record by electronic mail.

DATED: May 3, 2022

*/s/ Richard M. Chen*

Richard M. Chen
rchen@sidley.com
**SIDLEY AUSTIN LLP**
1 South Dearborn St.
Chicago, IL 60603
Tel: (312) 853-7000
Fax: (312) 853-7036

***ATTORNEY FOR MICROSOFT CORPORATION***