IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br><br>    Plaintiff,<br>v.<br><br>MICROSOFT CORPORATION<br><br>    Defendant. | CASE NO. 6:20-CV-00454-ADA<br>CASE NO. 6:20-CV-00461-ADA<br>CASE NO. 6:20-CV-00465-ADA<br><br>JURY TRIAL DEMANDED |

## BRAZOS' OBJECTIONS TO PRETRIAL DISCLOSURES

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Brazos") files the following objections to Microsoft's proposed exhibits, witnesses, jury instructions, and verdict form. Brazos objects to the requested jury instructions without prejudice to subsequent objections under Fed R. Civ. P. 51.

### I.   Objections to Proposed Witnesses

Brazos has no objections to Microsoft's Initial Trial Witness List (Dkt. No. 184-7).[1]

To the extent that witnesses may appear by deposition designation, Brazos's objections are included in their exchange with Microsoft, dated May 17, 2022.

### II.   Objections to Proposed Exhibits

Brazos' current objections to Microsoft's proposed exhibits are set forth in Microsoft's Second Amended Trial Exhibit List, dated May 31, 2022, attached as Exhibit 1.

### III.   Objections to Requested Final and Preliminary Jury Instructions (Dkt. Nos. 184-8, 184-10) and Verdict Form (Dkt. Nos. 184-13).

| Disputed Proposed Preliminary Jury Instructions | Objection |
|---|---|
| | |

---

[1] All docket numbers in these objections refer to the Case. No. 6:20-cv-00454 docket.

| | |
|---|---|
| **Brazos' Proposed Instruction**: "The patents involved in this case generally relate to computer networks and software for monitoring computer networks." <br><br> **Microsoft's Proposed Instruction:** "The patents involved in this case generally relate to computer networks." <br><br> [Requested Proposed Jury Instruction No. 2] | Brazos requests its instruction be given because it accurately describes the nature of the patents involved in this case. *See, e.g.*, U.S. Patent No. 8,274,902 (describing the "Field of the Invention" as "relat[ing] to methods for monitoring the performance of networks."). |
| **Brazos' Proposed Instruction:** "Brazos" and "Brazos Patents" <br><br> **Microsoft's Proposed Instruction:** "WSOU" and "'702, '160, and '902 Patents" <br><br> [Requested Proposed Jury Instruction Nos. 2, 4, 6, 7, 8] | Microsoft should be profited from referring to "We-Sue" for the reasons set forth in Brazos' Omnibus Motions in Limine. *See* Dkt. No. 178. Brazos submits that its use of "Brazos Patents" to refer to the patents-at-issue collectively is more streamlined than listing all the patents by their individual numbers when referring to the patents collectively. |
| **Brazos' Proposed Instruction**: "Brazos is the owner of the three patents . . ." <br><br> **Microsoft's Proposed Instruction:** "WSOU is asserting three patents . . ." <br><br> [Requested Proposed Jury Instruction Nos. 2, 4] | Brazos is entitled to an instruction that identifies Brazos as the owner of the Asserted patents for the reasons set forth in Brazos' Opposition to Microsoft's Motion for Summary Judgment of No Standing. *See* Dkt. No. 155. |
| **Brazos' Proposed Instruction:** "whether or not the owner commercializes or manufactures that invention" <br><br> **Microsoft's Proposed Instruction**: The above instruction not be given <br><br> [Requested Proposed Jury Instruction No. 3] | Brazos' proposed instruction guards against juror confusion regarding whether a patent owner that does not commercialize or manufacture an invention possesses the right to exclude. |
| **Brazos' Proposed Instruction:** "The purpose of the claims is to particularly identify what the claimed invention is and to define the scope of the patent owner's | Brazos' proposed instruction was given verbatim by this Court in *Freshub, Inc. et al. v. Amazon.com Inc.*, No. 6:21-cv-00511, Dkt. No. 241 (W.D. Tex. June 21, 2021). |

2

| | |
|---|---|
| exclusive rights. The claims define a patent owner's rights under the law. The claims are important because it is the words of the claims that define what a patent covers. The figures and text in the rest of the patent provide a description or examples of the invention and provide a context for the claims, but it is the claims that define the breadth of the patent's coverage. Therefore, what a patent covers depends, in turn, on what each of its claims covers.<br><br>A claim sets forth, in words, a set of requirements. Each claim sets forth its requirements in a single sentence. The requirements of a claim are often referred to as 'claim elements' or 'claim limitations.' The coverage of a patent is assessed claim-by claim.<br><br>If a system or method satisfies each of these requirements in that sentence, then it is covered by the claim. In other words, a claim covers a system or method where each of the claim elements or limitations is present in that system or performed by that method. If a system or method is missing even one limitation or element of a claim, the system or method is not covered by that claim."<br><br>**Microsoft's Proposed Instruction:** "The purpose of the claims is to particularly point out what the claimed invention is and to define the scope of the patent owner's exclusive rights under each patent."<br><br>[Requested Proposed Jury Instruction No. 3] | Microsoft's proposed instruction fails to provide detail on patent claims that the jury requires to decide these cases. |
| **Brazos' Proposed Instruction:** "The Patent Examiner's job is also to decide if the inventor's description of the invention is complete and clear enough to meet the requirements of a patent, including the requirement that the description enable someone of ordinary skill in the field to | Microsoft's proposed instruction does not provide adequate detail to the jury. |

3

| | |
|---|---|
| actually make and use the invention, as well as to decide whether written description support exists in the specification for each claim."<br><br>**Microsoft's Proposed Instruction:**<br>"Separately, the Patent Examiner also may consider whether the claims are adequately enabled and described by the application's specification."<br><br>[Requested Proposed Jury Instruction No. 3] | |
| **Brazos' Proposed Instruction**: "products"<br><br>**Microsoft's Proposed Instruction:**<br>"software or systems"<br><br>[Requested Proposed Jury Instruction No. 6] | Brazos objects to Microsoft's proposed description as needlessly narrow. |
| **Brazos' Proposed Instruction:** "Microsoft's Network Policy Server/Network Policy Access Server for the '702 Patent; Microsoft's Azure Monitor for the '160 Patent; and Microsoft's Azure Monitor, Network Watcher, and Network Performance Monitor for the '902 Patent."<br><br>**Microsoft's Proposed Instruction:**<br>"Microsoft's Network Policy Server for the '702 Patent; Microsoft's Azure Monitor for the '160 Patent; and Microsoft's Network Performance Monitor for the '902 Patent."<br><br>[Requested Proposed Jury Instruction No. 6] | Brazos submits this dispute can be resolved through adoption of Microsoft's proposed description of the accused functionalities. |
| **Brazos' Proposed Instruction:** "Brazos argues that Microsoft directly infringed the asserted claims of the patents-in-suit. There are two ways in which a patent claim can be directly infringed. First, a claim can be literally infringed. Brazos asserts literal infringement for each of the asserted claims in | Brazos' proposed instruction provides necessary detail to the jury and mirrors the instructions given by this Court in *VLSI*. *See VLSI Tech., Inc. v. Intel Corp.*, No. 6:21-cv-0057, Dkt. No. 565 (W.D. Tex. March 1, 2021). Microsoft's attempt to eliminate Brazos' proposed instruction on the doctrine |

4

the '160, '702, and '902 Patents.

Second, a claim can be infringed under what is called the "doctrine of equivalents." Brazos asserts infringement under the doctrine of equivalents with respect to each of the asserted claims in the '160, '702, and '902 Patents.

To determine infringement, you must compare the accused product or process with each claim of the Brazos Patents that Brazos asserts is infringed by that specific product or process. A patent claim is literally infringed only if the accused Microsoft product or process includes each and every element in that patent claim. You must determine literal infringement with respect to each asserted patent claim individually. You heard that there is more than one claim asserted here— and more than one claim from each of the three Brazos Patents—you have to determine for each of those claims individually whether or not it is infringed.

A patent claim is infringed under the doctrine of equivalents if there is an equivalent component or process step in the accused Microsoft products or processes for each element of the patent claim that is not literally present in the accused Microsoft products or processes. Brazos must prove that it is more likely than not that the accused Microsoft products or methods contain the equivalent of each element of the claimed invention that is not literally present in the accused Microsoft products. An equivalent of an element is a component or method step that is only insubstantially different from the claimed element. One way of showing that an element is only insubstantially different is to prove that it performs substantially the same function, in substantially the same way, to achieve substantially the same result as would be achieved by the element that is not literally present in the accused product or method."

| of equivalents is also premature. As Brazos has describes in its Opposition to Microsoft's Motions *in Limine*, Brazos is entitled to elicit particularized testimony on the doctrine of equivalents at trial. *See* Dkt. No. 187. |

| | |
|---|---|
| **Microsoft's Proposed Instruction:** "To determine the question of infringement, you must compare the accused software or system or its use with each claim of the '702, '160, or '902 Patent. A patent claim is infringed only if the accused software or system includes or is used by Microsoft to perform each and every element in that patent claim. You must determine infringement with respect to each asserted patent claim individually. You heard that there is more than one claim asserted here—and more than one claim from each of the three patents. Therefore, you have to determine for each of those claims whether or not it is infringed. You have to do that for each individual claim in each of the '702, '160, and '902 Patents."<br><br>[Requested Proposed Jury Instruction No. 6] | |
| **Brazos' Proposed Instruction**: "Microsoft must prove invalidity of each asserted claim by clear and convincing evidence in order to overcome the presumption of validity."<br><br>**Microsoft's Proposed Instruction:** No instruction on the "presumption" be given.<br><br>[Requested Proposed Jury Instruction No. 6] | Brazos' proposed instruction accurately states the burden of proof with respect to invalidity and was given by this Court in *VLSI*. *See VLSI Tech., Inc. v. Intel Corp.*, No. 6:21-cv-0057, Dkt. No. 565 (W.D. Tex. March 8, 2021). |
| **Brazos' Proposed Instruction:** The below instruction not be given.<br><br>**Microsoft's Proposed Instruction:** "With respect to infringement, WSOU carries the burden of proof. With respect to invalidity, Microsoft carries the burden of proof."<br><br>[Requested Proposed Jury Instruction No. 6] | Brazos withdraws its objection to inclusion of Microsoft's proposed instruction, subject to substitution of "WSOU" to "Brazos" in Microsoft's proposed instruction. |
| **Brazos' Proposed Instruction:** The below instruction not be given. | Brazos submits that the instruction is adequate and more concise without |

| | |
|---|---|
| **Microsoft's Proposed Instruction:** "even if not described in a single piece of prior art."<br><br>[Requested Proposed Jury Instruction No. 6] | Microsoft's additional proposed language. The proposed instruction excluding Microsoft's proposed addition mirrors that given by this Court in *Freshub, Inc. et al. v. Amazon.com Inc*., No. 6:21-cv-00511, Dkt. No. 241 (W.D. Tex. June 21, 2021). |
| **Brazos' Proposed Instruction:** "Witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. Witness testimony is weighed. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testify to the contrary. If after you have considered all of the other evidence, you can choose to believe the single witness."<br><br>**Microsoft's Proposed Instruction:** "You are to weigh the testimony, not the number of witnesses themselves. There's no test for relative number of witnesses. It is the relative convincing force of the evidence throughout the trial."<br><br>[Requested Proposed Jury Instruction No. 9] | Brazos' proposed instruction will assist the jury and parallels that given by this Court in *Freshub, Inc. et al. v. Amazon.com Inc*., No. 6:21-cv-00511, Dkt. No. 241 (W.D. Tex. June 21, 2021). |
| **Brazos' Proposed Instruction:** "The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence. Conversely, the fact that a person is defending against a lawsuit creates no inference that the person's defense is meritorious. The act of defending against a lawsuit, by itself, does not in any way tend to negate the merits of a claim and is not evidence."<br><br>**Microsoft's Proposed Instruction:** "The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the | Brazos' proposed instruction clarifies that inferences are not to be drawn improperly from *either* the filing of a lawsuit or raising defenses.  Brazos' proposed instruction mirrors this Court's instructions in *Freshub. See Freshub, Inc. et al. v. Amazon.com Inc*., No. 6:21-cv-00511, Dkt. No. 241 (W.D. Tex. June 21, 2021) (instructing that the fact that a defendant raises defenses is not evidence). |

7

person is entitled to a judgment. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence."

[Requested Proposed Jury Instruction No. 14]

| Disputed Proposed Final Jury Instructions | Objection |
|---|---|
| **Brazos' Proposed Instruction:** "Brazos" and "Brazos Patents"<br><br>**Microsoft's Proposed Instruction:** "WSOU" and "'702, '160, and '902 Patents"<br><br>[Requested Final Jury Instruction Nos. 1, 3, 8, 14, 16, 17, 18, 19, 21, 24, 25, 27] | Microsoft should be profited from referring to "We-Sue" for the reasons set forth in Brazos' Omnibus Motions in Limine. *See* Dkt. No. 178. Brazos submits that its use of "Brazos Patents" to refer to the patents-at-issue collectively is more streamlined than listing all the patents by their individual numbers when referring to the patents collectively. |
| **Brazos' Proposed Instruction:** Requested Jury Instruction No. 3 be given.<br><br>**Microsoft's Proposed Instruction:** No separate instruction on the burdens of proof<br><br>[Requested Final Jury Instruction No. 3] | Brazos' proposed jury instruction on burdens of proof serves to remind the jury of the applicable standards. |
| **Brazos' Proposed Instruction:** "Brazos must prove infringement by a preponderance of the evidence. That is, Brazos must prove that it is more likely than not, that Microsoft made, used, sold, or offered for sale within the United States, or imported into the United States, software or systems that meet all of the requirements of a claim and did so without the permission of Brazos during the time the Brazos Patents were in force. You may think of this preponderance of the evidence standard as slightly greater than 50%. A party can infringe a patent without knowing of the patent or without knowing that what the party is doing is patent infringement." | Brazos' proposed instruction, including the assistance of percentages, provides helpful detail on the preponderance-of-the-evidence standard and is consistent with the instruction given by this Court in *VLSI*. *See VLSI Tech., Inc. v. Intel Corp.*, No. No. 6:21-cv-0057, Dkt. No. 565 (W.D. Tex. March 8, 2021). |

| | |
|---|---|
| **Microsoft's Proposed Instruction:** "WSOU must prove infringement by a preponderance of the evidence. That is, WSOU must prove that it is more likely than not, that Microsoft made, used, sold, or offered for sale within the United States, or imported into the United States, software or systems that meet all of the requirements of a claim and did so without the permission of WSOU during the time the '702, '160, and '902 Patents were in force." [Requested Final Jury Instruction Nos. 3, 17] | |
| **Brazos' Proposed Instruction:** "The fact that Brazos filed a lawsuit or that Microsoft raises defenses is not evidence that either is entitled to a judgment. Anyone may make a claim, file a lawsuit, or raise a defense. The act of making a claim or raising a defense in a lawsuit, by itself, does not in any way tend to establish that claim or defense and is not evidence." **Microsoft's Proposed Instruction:** "The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence." [Requested Final Jury Instruction No. 8] | Brazos' proposed instruction clarifies that inferences are not to be drawn improperly from *either* the filing of a lawsuit or raising defenses. Brazos' proposed instruction mirrors this Court's instructions in *Freshub*. *See Freshub, Inc. et al. v. Amazon.com Inc.*, No. 6:21-cv-00511, Dkt. No. 241 (W.D. Tex. June 21, 2021) (instructing that the fact that a defendant raises defenses is not evidence). |
| **Brazos' Proposed Instruction:** "Claims 1, 3, 8, 10, 11, 12, 16, and 17 of U.S. Patent No. 7,106,702 (also referred to as ''702 Patent')." "Claims 1, 2, 4, 5, 10, 11, and 12 of U.S. Patent No. 7,366,160 (also referred to as the | Brazos withdraws its objection to correlation of the accused functionalities in Requested Final Jury Instruction No. 14. |

9

| | |
|---|---|
| ''160 Patent')."<br><br>"Claims 1, 2, and 6 of U.S. Patent No. 8,274,902 (also referred to as the ''902 Patent')."<br><br>**Microsoft's Proposed Instruction:**<br><br>"Claims 1, 3, 8, 10, 11, 12, 16, and 17 of U.S. Patent No. 7,106,702 (also referred to as ''702 Patent') by the accused functionality of Microsoft's Network Policy Server (or 'NPS') software and system."<br><br>"Claims 1, 2, 4, 5, 10, 11, and 12 of U.S. Patent No. 7,366,160 (also referred to as the ''160 Patent') by the accused functionality of Microsoft's Azure Monitor software."<br><br>"Claims 1, 2, and 6 of U.S. Patent No. 8,274,902 (also referred to as the ''902 Patent') by the accused functionality of Microsoft's Network Performance Monitor (or 'NPM') software."<br><br>[Requested Final Jury Instruction No. 14] | |
| **Brazos' Proposed Instruction:** That the below instruction not be given.<br><br>**Microsoft's Proposed Instruction:**<br><br>"You must compare the accused functionality of Network Policy Server (or "NPS") to each of the requirements of Claims 1, 3, 8, 10, 11, 12, 16, and 17 of the '702 Patent."<br><br>"You must compare the accused functionality of Azure Monitor to each of the requirements of Claims 1, 2, 4, 5, 10, 11, and 12 of the '160 Patent."<br><br>"You must compare the accused functionality of Network Performance Monitor (or "NPM") to each of the requirements of Claims 1, 2, | Microsoft's proposed instruction is redundant, lengthens an already-long charge, and could be taken by the jury as a comment by the Court on the evidence. |

10

| | |
|---|---|
| and 6 of the '902 Patent." [Requested Final Jury Instruction No. 17] | |
| **Brazos' Proposed Instruction:** "products" **Microsoft's Proposed Instruction:** "software or system" [Requested Final Jury Instruction Nos. 14, 17] | Brazos objects to Microsoft's proposed description as needlessly narrow. |
| **Brazos' Proposed Instruction:** "Brazos has shown that any claims of any patent are infringed and Microsoft has not shown they are invalid, what amount of damages, if any, Brazos for infringement of those claims." **Microsoft's Proposed Instruction:** "WSOU has shown that any claims of any patent are infringed and Microsoft has not shown they are invalid, what amount of damages, if any, WSOU has proven by a preponderance of the evidence for infringement of those claims." [Requested Final Jury Instruction No. 14] | Brazos withdraws its objection to inclusion of the burden of proof for damages, subject to substitution of "WSOU" for "Brazos" in Microsoft's proposed instruction. |
| **Brazos' Proposed Instruction:** "Each claim is effectively treated as if it were its own separate patent." **Microsoft's Proposed Instruction:** Brazos' proposed instruction not be given. [Requested Final Jury Instruction No. 15] | Brazos' requested instruction was provided by this Court in *Freshub, Inc. et al. v. Amazon.com Inc.*, No. 6:21-cv-00511, Dkt. No. 241 (W.D. Tex. June 21, 2021). To the extent that Microsoft claims any risk of juror confusion given that these cases involves separate patents, Brazos notes that *Freshub* similarly involved three distinct patents. |
| **Brazos' Proposed Instruction:** Only the italicized part of Microsoft's proposed instruction be given. **Microsoft's Proposed Instruction:** "If any requirement of a dependent claim is not met, or if any requirement of the independent | Microsoft's longer requested jury instruction is redundant and may be interpreted as a comment by the Court on the strength of Brazos' case. |

11

| | |
|---|---|
| claim from which the dependent claim depends is not met, then the product is not covered by that dependent claim. On the other hand, *if the requirements of an independent claim are met by a product, but a requirement of a dependent claim is not met, the independent claim is still infringed.*"<br><br>[Requested Final Jury Instruction No. 16] | |
| **Brazos' Proposed Instruction:** "If you find that an independent claim has been infringed, you must decide, separately, whether the product meets the additional requirement(s) of any claims that depend from the independent claim to determine whether those dependent claims have also been infringed. A dependent claim includes all the requirements of any of the claims to which it refers plus additional requirement(s) of its own. For dependent claims, if you find that a claim to which a dependent claim refers is not infringed, there cannot be infringement of that dependent claim. However, if the requirements of an independent claim are met by a product, but a requirement of a dependent claim is not met, the independent claim is still infringed."<br><br>**Microsoft's Proposed Instruction:** "For dependent claims, if you find that a claim to which a dependent claim refers is not infringed, there cannot be infringement of that dependent claim. On the other hand, [if] you find that an independent claim has been infringed, you must still decide, separately, whether the product meets the additional requirement(s) of any claims that depend from the independent claim to determine whether those dependent claims have also been infringed. A dependent claim includes all the requirements of any of the claims to which it refers plus additional requirement(s) of its own." | Microsoft's dispute with Brazos' proposed language boils down to its request that the proposed language, "However, if the requirements of an independent claim are met by a product, but a requirement of a dependent claim is not met, the independent claim is still infringed," not be included. This language was included in the instructions given by this Court in the same case cited by Microsoft, *Profectus Technology LLC v. Google LLC*, No. 6:20-cv-101, Dkt. No. 193 (W.D. Tex. Oct. 6, 2021) and will prevent juror confusion here. |

| | |
|---|---|
| [Requested Final Jury Instruction No. 17] | |
| **Brazos' Proposed Instruction:** An instruction on the doctrine of equivalents be given.<br><br>**Microsoft's Proposed Instruction:** No instruction on the doctrine of equivalents be given.<br><br>[Requested Final Jury Instruction No. 17] | Microsoft's attempt to eliminate Brazos' proposed instruction on the doctrine of equivalents is premature. As Brazos has describes in its Opposition to Microsoft's Motions *in Limine*, Brazos is entitled to elicit particularized testimony on the doctrine of equivalents at trial. *See* Dkt. No. 187. |
| **Brazos' Proposed Instruction:** "You should not compare the accused technology or processes with any specific example set out in the patent or with the prior art in reaching your decision on infringement. The only correct comparison is with the language of the claim itself. You must reach your decision as to each assertion of infringement based on the meaning and scope of the claims, the legal requirements for infringement, and the evidence presented to you by the parties."<br><br>**Microsoft's Proposed Instruction:** The above instruction not be given.<br><br>[Requested Final Jury Instruction No. 17] | Brazos' proposed instruction assists that trier of fact and was given by this Court in *ESW Holdings, Inc. v. Roku, Inc*., No. 6:19-cv-00044, Dkt. No. 172 (W.D. Tex. April 9, 2021). |
| **Brazos' Proposed Instruction:** An instruction on willfulness be given.<br><br>**Microsoft's Proposed Instruction:** No instruction on willfulness be given.<br><br>[Requested Final Jury Instruction No. 18] | Brazos' respective complaints in these cases allege that Microsoft had received "notice and actual or constructive knowledge" of the patents-at-issue since "at least the date of service of the original Complaint." *See, e.g.,* Dkt. No. 73. An instruction on willfulness should be given. |
| **Brazos' Proposed Instruction:** An instruction on the presumption of validity be given.<br><br>**Microsoft's Proposed Instruction:** No | Brazos' proposed instruction accurately states the burden of proof with respect to invalidity and was given by this Court in *VLSI*. *See VLSI Tech., Inc. v. Intel Corp.*, No. 6:21-cv- |

| | |
|---|---|
| instruction on the presumption of validity be given.<br><br>[Requested Final Jury Instruction Nos. 19, 21] | 0057, Dkt. No. 565 (W.D. Tex. March 8, 2021). |
| **Brazos' Proposed Instruction**: The above instruction not be given.<br><br>**Microsoft's Proposed Instruction:** "Most, if not all, inventions rely on building blocks of prior art. In considering whether a claimed invention is obvious, you should consider whether, at the time of the claimed invention, there was a reason that would have prompted a person having ordinary skill in the field of the invention to combine the known elements in the prior art in a way the claimed invention does, taking into account such factors as (1) whether the claimed invention was merely the predictable result of using prior art elements according to their known function(s); (2) whether the claimed invention provides an obvious solution to a known problem in the relevant field; (3) whether the prior art teaches or suggests the desirability of combining elements claimed in the invention; (4) whether the prior art teaches away from combining elements in the claimed invention; (5) whether it would have been obvious to try the combinations of elements, such as when there is a design incentive or market pressure to solve a problem and there are a finite number of identified, predictable solutions."<br><br>[Requested Final Jury Instruction No. 22] | Microsoft's proposed instruction is overly-long and redundant in light of the Parties' agreed-upon language in paragraph 3 of the proposed instruction, which states: "In determining whether a claimed invention is obvious, you must consider the level of ordinary skill in the field of the invention that someone would have had at the time the invention was made, the scope and content of the prior art, any differences between the prior art and the claimed invention, and, if present, so-called objective evidence or secondary considerations . . .". |
| **Brazos' Proposed Instruction**: "A standalone prior art reference must enable a skilled artisan to make and use the claimed invention for the portions of the prior art reference being relied upon." | Brazos disputes enablement to the extent that Microsoft asserts that prior art, would enable a person of ordinary skill to practice the inventions. Brazos therefore requests that the Court adopt the following language proposed by Brazos: "A standalone prior art reference must enable a skilled artisan to make and use |

14

| | |
|---|---|
| **Microsoft's Proposed Instruction:** Brazos' proposed instruction not be given.<br><br>[Requested Final Jury Instruction No. 22] | the claimed invention for the portions of the prior art reference being relied upon." This language was included in the Court's instructions in *Freshub, Inc. et al. v. Amazon.com Inc.*, No. 6:21-cv-00511, Dkt. No. 241 (W.D. Tex. June 21, 2021). |
| **Brazos Proposed Instruction:** "In considering whether a claimed invention is obvious, you should consider whether, as of the effective filing date of the applicable asserted claim of the Brazos Patents, there was a reason that would have prompted a person having ordinary skill in the field of the invention to combine the known elements in the prior art in a way the claimed invention does, taking into account such factors as:"<br><br>**Microsoft's Proposed Instruction:** "In determining whether the claimed invention is obvious, you should take into account any objective evidence (sometimes called "secondary considerations") that may shed light on whether or not the claimed invention is obvious, such as:"<br><br>[Requested Final Jury Instruction No. 22] | Brazos believes the narrow dispute can be resolved through adoption of Microsoft's proposed sentence to introduce the secondary considerations factors. |
| **Brazos' Proposed Instruction:** "You should not use the patent as a road map for selecting and combining items of prior art. You must put yourself in the place of a person of ordinary skill in the art as of the date of the invention"<br><br>**Microsoft's Proposed Instruction:** The below instruction not be given.<br><br>[Requested Final Jury Instruction No. 22] | Brazos' proposed instruction—virtually identical to that in the AIPLA Model Jury Instructions § 7.0 (2019)—is consistent with the agreed-upon instructions that the jury should be instructed to "not use hindsight" and "consider only what was known at the time of the invention." |
| **Brazos' Proposed Instruction:** The below instruction not be given. | Microsoft's proposed instruction is redundant and cumulative. The Parties' agreed-upon |

15

| | |
|---|---|
| **Microsoft's Proposed Instruction:** "If you find that Microsoft has not infringed any claim of the '702, '160, and '902 Patents, or that the claim is invalid, then WSOU is not entitled to any damages."<br><br>[Requested Final Jury Instruction No. 25] | language already instructs the jury that "if you find that Microsoft has infringed any valid claim" of the relevant patents, "you must then consider what amount of damages to award." |
| **Brazos' Proposed Instruction:** The below instruction not be given.<br><br>**Microsoft's Proposed Instruction:** "They are not meant to punish an infringer."<br><br>[Requested Final Jury Instruction No. 25] | Brazos' proposed instruction without Microsoft's addition states the correct legal standard. Microsoft's addition poses the risk of confusing the jury into believing that only lost revenues or profits should be considered as opposed to benefits that Microsoft has obtained by using the inventions. |
| **Brazos' Proposed Instruction:** Separate instruction on lump-sum versus running royalty.<br><br>**Microsoft's Proposed Instruction:** No separate instruction on lump-sum versus running royalty.<br><br>[Requested Final Jury Instruction No. 26] | Brazos is entitled to a separate instruction on lump-sum versus running royalty—the same instruction given by this Court in *Freshub, Inc. et al. v. Amazon.com Inc.*, No. 6:21-cv-00511, Dkt. No. 241 (W.D. Tex. June 21, 2021)—in light of Brazos' damages model in these cases. |
| **Brazos' Proposed Instruction:** Apportionment can be addressed in a variety of ways, including by careful selection of the royalty base to reflect the value added by the patented feature or by adjustment of the royalty rate so as to discount the value of a product's non-patented features; or by a combination thereof.<br><br>**Microsoft's Proposed Instruction**: The above instruction not be given.<br><br>[Requested Final Jury Instruction No. 27] | Brazos' proposed instruction provides information useful to the trier of fact and was given by this Court verbatim in *Freshub, Inc. et al. v. Amazon.com Inc.*, No. 6:21-cv-00511, Dkt. No. 241 (W.D. Tex. June 21, 2021). |

| Verdict Form | Objection |
|---|---|
| *See* Dkt. Nos. 184-12 & 184-13 | Brazos requests that its proposed verdict form, organized by issue, be used. Microsoft's verdict form requires the jury to alternate between issues with different burdens and standards of proof, which bears a substantial risk of confusing the jury.<br><br>Brazos also requests that an entry for willfulness be included. Brazos' respective complaints in these cases allege that Microsoft had received "notice and actual or constructive knowledge" of the patents-at-issue since "at least the date of service of the original Complaint." *See* Dkt. No. 73. |

DATED: June 7, 2022                     /s/ *Max L. Tribble*

Max L. Tribble, Jr.
Texas Bar No. 2021395
J. Hoke Peacock III
Texas Bar No. 15673980
Shawn Blackburn (pro hac vice)
Texas Bar No. 24089989
Bryce Barcelo
Texas Bar No. 24092081
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Fax: (713) 654-6666
mtribble@susmangodfrey.com
tpeacock@susmangodfrey.com
sblackburn@susmangodfrey.com
bbarcelo@susmangodfrey.com

Kalpana Srinivasan
California Bar No. 237460
Anna Catherine Coll (pro hac vice)
California Bar No. 337548
1900 Avenue of the Stars, 14th Floor
Los Angeles, California 90067-6029

    Telephone: (310) 789-3100
    Fax: (310) 789-3150
    ksrinivasan@susmangodfrey.com
    acoll@susmangodfrey.com

    Elizabeth Aronson (pro hac vice)
    New York Bar No. 5704432
    1301 Avenue of the Americas, 32nd Floor
    New York, New York  10019
    Telephone: (212) 336-8330
    Fax: (212) 336-8340
    baronson@susmangodfrey.com

    Mark D. Siegmund
    Texas Bar No. 24117055
    Justin Allen
    Texas Bar No. 24081977
    Gregory Love
    Texas Bar No. 24013060
    STECKLER, WAYNE, COCHRAN, CHERRY, PLLC
    8416 Old McGregor Road
    Waco, Texas 76712
    Telephone: (254) 651-3690
    Fax: (254) 651-3689
    mark@swclaw.com
    justin@swclaw.com
    greg@swclaw.com


    ***COUNSEL FOR PLAINTIFF WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT***

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on June 7, 2022, I electronically filed this document with the Clerk of Court via the Court's CM/ECF system which will send notification of such filing to all counsel of record, all of whom have consented to electronic service in this action.

/s/ *Max. L. Tribble*
Max L. Tribble
Counsel for Plaintiff